MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
Timothy Fox, Deputy (SBN 190084)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA  94063
Telephone: (650) 363-4762
Fax:  (650) 363-4034
E-mail: tfox@co.sanmateo.ca.us

Attorneys for Defendants COUNTY OF SAN MATEO;
BOARD OF SUPERVISORS FOR THE COUNTY OF SAN MATEO;
MARK CHURCH; JERRY HILL; RICH GORDON;
ROSE GIBSON; and ADRIENNE TISSIER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SPRINT SPECTRUM L.P.; SPRINT SPECTRUM REALTY COMPANY, L.P.,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>COUNTY OF SAN MATEO; BOARD OF SUPERVISORS FOR THE COUNTY OF SAN MATEO; MARK CHURCH; JERRY HILL; RICH GORDON; ROSE GIBSON; ADRIENNE TISSIER; and DOES 1 through 10,<br><br>                    Defendants. | Case No. C-08-00342 CW<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**<br><br>DATE:        April 17, 2008<br>TIME:        2:00 p.m.<br>PLACE:      Courtroom 2, 4th Floor<br><br>TRIAL DATE:  None |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on April 17, 2008 at 2:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Claudia Wilken, in Courtroom 2 of the above-captioned court, located at 1301 Clay Street, 4th floor, Oakland, California, defendants COUNTY OF SAN MATEO; BOARD OF SUPERVISORS FOR THE COUNTY OF SAN MATEO; MARK CHURCH; JERRY HILL; RICH GORDON; ROSE GIBSON; and ADRIENNE TISSIER will and hereby do move the court for an order under Fed. R. Civ. P. 12(b)(6) dismissing the Fourth Claim for Relief in the Complaint on the grounds that it fails to state a claim upon which relief can be granted.

This motion is based upon this Notice of Motion and Motion to Dismiss, and the Memorandum of Points and Authorities filed herewith, all pleadings and papers on file in this action, and upon such other matters as may be presented to or permitted by the Court at the time of the hearing.

**RELIEF SOUGHT**

Defendants seek an order under Fed. R. Civ. P. 12(b)(6) dismissing the Fourth Claim for Relief in the Complaint on the grounds that it fails to state a claim upon which relief can be granted.

**TABLE OF CONTENTS**

NOTICE OF MOTION ................................................................................................................ II

RELIEF SOUGHT ...................................................................................................................... II

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1

I.     INTRODUCTION ........................................................................................................... 1

II.    ARGUMENT ................................................................................................................... 1

     A.    Section 253 Is Reserved for Facial Challenges to Local Statutes, Ordinances or Legal Requirements. ........................................................................................... 1

     B.    Plaintiffs' Complaint Does Not State a Claim for Any Local Statute, Ordinance or Legal Requirement Made Invalid by Section 253. ........................................... 2

     C.    Plaintiffs' Vague Allegations of Unspecified Legal Requirements Are Inadequate to Sustain a Facial Challenge to An Ordinance Under Section 253. ................... 4

III.   CONCLUSION ............................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Bell Atlantic Corp. v. Twombly*
  ___ U.S. ___, 127 S.Ct. 1955 (2007) .......................................................................................... 5

*City of Auburn v. Qwest Corp.*
  260 F.3d 1160 (9th Cir. 2001) ............................................................................................. 2, 4

*Communications Telesystems Int'l v. California Pub. Util. Comm'n*
  196 F.3d 1011 (9th Cir. 1999) ................................................................................................. 2

*MetroPCS, Inc. v. City and County of San Francisco*
  400 F.3d 715 (9th Cir. 2005) ................................................................................................... 3

*Papasan v. Allain*
  478 U.S. 265, 106 S.Ct. 2932 (1986) ...................................................................................... 5

*Sprint Telephony PCS, L.P. v. County of San Diego*
  490 F.3d 700 (9th Cir. 2007) ................................................................................................... 4


**Statutes**

47 U.S.C. § 253 ........................................................................................................................ passim

47 U.S.C. § 332 ................................................................................................................. 1, 2, 3, 4


**Rules**

Fed. R. Civ. P. 8 ................................................................................................................................ 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs' Complaint states seven claims. The first three are for violations of various subparts of 47 U.S.C. § 332. The fourth is for violation of 47 U.S.C. § 253(a). The fifth is for violation of the Supremacy Clause, and basically restates the prior four claims as a single preemption claim. The sixth is a claim for declaratory relief. Finally, the seventh is a claim for a writ of mandate compelling defendants to perform a mandatory duty to "authorize Sprint's facilities."

Defendants hereby move to dismiss the Fourth Claim (for violation of 47 U.S.C. § 253(a)).[1] Section 253 was intended to permit facial challenges to specific *local regulations* that have the effect of prohibiting the provision of wireless services. It was not designed to be an "add-on" claim in an as-applied challenge that it already governed by Section 332's prohibition of specific land use decisions. Plaintiffs Sprint Spectrum L.P. and Sprint Spectrum Realty Company L.P. ("Sprint") have alleged that a specific land use decision denied their rights under the Telecommunications Act. As such, their remedies are provided by Section 332, not Section 253(a).

Plaintiffs do not identify any local statute, regulation or legal requirement that is preempted by Section 253. Rather, the case is quite clearly one about a *specific* permit application and a *specific* adverse land use decision. This type of case is therefore governed by Section 332. Accordingly, the Fourth Claim for Relief should be dismissed in its entirety.

## II.   ARGUMENT

### A.   Section 253 Is Reserved for Facial Challenges to Local Statutes, Ordinances or Legal Requirements.

In the Fourth Claim for Relief, plaintiffs assert that "[d]efendants' reliance upon an onerous permitting structure, including, but not limited to, unenacted standards, and standards that purport to confer upon defendants' open-ended discretion, have resulted in a local legal requirement that prohibits

---

[1] The defendants also move to dismiss the Fifth, Sixth and Seventh Claims to the extent they rely upon the Fourth Claim as their predicate for relief. Defendants understand that the Fifth, Sixth and Seventh Claims are also underpinned by the first three Claims, and will continue to be asserted in any event.

or has the effect of prohibiting the ability of Sprint to provide telecommunications service." Complaint at ¶ 52. "The local legal requirement reflected in defendants' finding in support of the denial of Sprint's application violates 47 U.S.C. § 253(a) because of the resulting prohibition of service." Complaint at ¶ 53.

The relevant provision of the TCA states that: "[n]o State or local *statute or regulation*, or other State or local *legal requirement*, may prohibit or have the effect of prohibiting the ability of any entity to provide interstate or intrastate telecommunications service." 47 U.S.C. § 253(a) (emphasis added); *see also*, *e.g.*, *City of Auburn v. Qwest Corp.*, 260 F.3d 1160, 1176 (9th Cir. 2001).

Section 253 was "designed to prevent explicit prohibitions" and not to prevent all state and local regulation of telecommunications services. *Communications Telesystems Int'l v. California Pub. Util. Comm'n,* 196 F.3d 1011, 1017 (9th Cir. 1999). This section therefore preempts local governmental *statutes, regulations and legal requirements* that explicitly prohibit certain telecommunication services. Meanwhile, by contrast, Section 332 bars *specific zoning decisions* made by a local government with the same effect.

It is abundantly clear that Section 253 is a preemption statute that was designed to offer solely "facial challenge" relief from local *regulations*, not "as applied" challenges to individual local zoning *decisions* (which are elsewhere governed by Section 332). For example, subsection (d) permits the Federal Telecommunications Commission ("FTC") to hold hearings on whether "a State or local government has permitted or imposed any *statute, regulation, or legal requirement*" in violation of Section 253. Clearly, "legal requirement" cannot be read so broadly as to mean "as applied" challenges to individual zoning decisions such as the one here. If it did, plaintiffs' contorted reading of Section 253 would give the FTC jurisdiction to hear not just facial challenges to local regulations, but also permit-by-permit objections by telecommunications providers, thereby undercutting Section 332.

### B. Plaintiffs' Complaint Does Not State a Claim for Any Local Statute, Ordinance or Legal Requirement Made Invalid by Section 253.

Turning again to plaintiffs' Complaint, plaintiffs' Fourth Claim for Relief does not allege the existence of any overall anti-telecommunications policy by the County of San Mateo. It does not allege the existence of an ordinance, or provision of an ordinance, that regulates the installation or location of

wireless facilities. Nor does it cite any *statute, regulation, or legal requirement* that prohibits or has the effect of prohibiting its ability to provide telecommunications services. There are no statutes, regulations or legal requirements in effect in the County for which Sprint has faulted the County for denial of its permit application. Rather, in its First, Second and Third Claims for Relief, Sprint correctly attributes the denial of its permit application to a *specific zoning decision* that was made on December 18, 2007. Complaint at ¶ 34. This is a far cry from establishing that there is a statute, regulation or legal requirement that prohibits the installation of wireless telecommunications facilities. Indeed, Sprint admits elsewhere in its Complaint that the County defendants "have approved similar applications by Sprint's competitors, providers of functionally equivalent services, and that there is no reasonable basis upon which to discriminate between Sprint and its competitors." Complaint at ¶ 49. Sprint cannot plausibly contend to be making a facial challenge to a statute, regulation or legal requirement, where its Complaint cannot identify the statute, regulation or legal requirement that is being challenged, especially while it simultaneously pleads that the County's statutes, regulations or legal requirements *have permitted such facilities*.[2] There is no facial challenge to make here, and none is pled.

In *MetroPCS, Inc. v. City and County of San Francisco*, 400 F.3d 715 (9th Cir. 2005), the Ninth Circuit examined the "delicate regulatory balance" of the Telecommunications Act ("TCA"), and concluded that "the TCA itself fully accommodates these preemption concerns in its anti-discrimination and anti-prohibition provisions" — i.e., Section 332 — not in Section 253. *MetroPCS, Inc.*, 400 F.3d at 735. The TCA expressly preserves the local government's right to regulate zoning. 47 U.S.C. § 332(c)(8)(A). That right that would become meaningless if the local government's zoning regulations were deemed categorically preempted as they were applied *individually* to telecommunications facilities on the basis of a single land use decision, read in isolation from other land use decisions. Section 332 provides the basis for relief from the application of individual zoning regulations in specific cases; Section 253 does not.

---

[2] The Court will readily note that the dismissal of the Fourth Claim for Relief permits Sprint to proceed on the Claims that are more properly directed — those which challenge the adverse *decision*, rather than any completely unspecified statute, regulation or legal requirement that supposedly underpins the adverse decision.

The Court should therefore focus on the fact that the Complaint pleads that plaintiff's injury arose from a *specific land use* decision, not any categorical prohibition pled anywhere in the Complaint. Sprint has cited no local ordinance, regulation or guideline that has the effect of categorically prohibiting the provision of telecommunications service. (Nor can it, now having pled that other providers have had their applications granted.) In light of the fact that the only matter at issue in the Complaint is the County's specific decision to deny Sprint's lease, the Court should hold that Sprint cannot state a claim under Section 253(a) based on the same predicate facts already pled in the Section 332 claim.

Sprint will likely contend that Section 253(a) challenges to individual land use decisions were impliedly approved by *Sprint Telephony PCS, L.P. v. County of San Diego*, 490 F.3d 700 (9th Cir. 2007). Not so. *Sprint Telephony* involved an effort to "preempt an entire wireless facilities zoning ordinance" enacted by the County of San Diego. *Sprint Telephony*, 490 F.3d at 710. The *Sprint Telephony* court acknowledged that what was at issue was "a facial challenge to an entire ordinance under § 253(a) . . . ." *Sprint Telephony*, 490 F.3d at 713; *see also Sprint Telephony*, 490 F.3d at 714 n.5 ("we conclude here that Sprint's challenge to the WTO meets the criterion described in *Auburn* for challenging an ordinance . . . ."). Calling Section 332 "a more expedient, and extensive, basis for review" than Section 253, the Sprint Telephony court recounted that "Section 253, by contrast, states only that a statute or regulation may not prohibit or have the effect of prohibiting service." *Sprint Telephony*, 490 F.3d at 713. "The substance of the sections is therefore different . . . ." *Sprint Telephony*, 490 F.3d at 713. Thus, while acknowledging the different functions of Section 253 and Section 332, the Ninth Circuit correctly interpreted the claims in the *Sprint Telephony* complaint to be *a facial challenge to an ordinance*. Here, by contrast, Sprint has not pled a facial challenge to any ordinance. It has, at best, complained that its permit application was improperly denied while others were granted. Its claim under Section 253 therefore fails.

**C.   Plaintiffs' Vague Allegations of Unspecified Legal Requirements Are Inadequate to Sustain a Facial Challenge to An Ordinance Under Section 253.**

In a tacit acknowledgement that this case is about a specific land use decision rather than a facial challenge to an ordinance, Sprint vaguely alleges that the permit denial was based upon "unenacted standards, and standards that purport to confer upon defendants' [*sic*] open-ended discretion, have

– 4 –
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

resulted in a local legal requirement . . . ." Complaint at ¶ 52. (Of course, elsewhere in the Complaint, Sprint quotes the factual findings in support of the permit denial. *See* Complaint at ¶ 34.)

The incantation that a "local legal requirement" exists does not transmute this permit denial case into a facial challenge. Sprint has not bothered to specify *what* local legal requirement violates Section 253(a). The Court is provided with no citation to the San Mateo County Zoning Regulations nor to the San Mateo County Code. If the Court were curious about what local legal requirement in San Mateo County was preempted by the TCA, it could not discover the answer in the Complaint. This does not meet the minimum standard for notice pleading provided by Fed. R. Civ. P. 8(a)(2). *See also Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007) (in addition to providing "fair notice" of the claim, the complaint must allege "enough facts to state a claim to relief that is plausible on its face.") "[A] formulaic recitation of the elements of a cause of action will not do . . . ." *Twombly*, 127 S.Ct. at 1965; *see also Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Sprint has not pled a claim for violation of Section 253(a), and cannot do so until it identifies what in the County's statutes, ordinance and regulations was preempted by the enactment of Section 253(a). The claim should therefore be dismissed.

**III.   CONCLUSION**

For all of the foregoing reasons, the Court should grant the motion to dismiss the Fourth Claim for Relief.

Respectfully submitted,                    MICHAEL P. MURPHY, COUNTY COUNSEL

DATED: March 13, 2008

By:_____
TIMOTHY J. FOX, Deputy
Attorneys for Defendants

\\cco-fp\Shared\LITIGATE\S_CASES\Sprint Spectrum L.P\Pleadings\Motion to Dismiss.doc