MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
Timothy Fox, Deputy (SBN 190084)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA  94063
Telephone: (650) 363-4762
Fax:  (650) 363-4034
E-mail: tfox@co.sanmateo.ca.us

Attorneys for Defendants COUNTY OF SAN MATEO;
BOARD OF SUPERVISORS FOR THE COUNTY OF SAN MATEO;
MARK CHURCH; JERRY HILL; RICH GORDON;
ROSE GIBSON; and ADRIENNE TISSIER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SPRINT SPECTRUM L.P.; SPRINT SPECTRUM REALTY COMPANY, L.P.,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN MATEO; BOARD OF SUPERVISORS FOR THE COUNTY OF SAN MATEO; MARK CHURCH; JERRY HILL; RICH GORDON; ROSE GIBSON; ADRIENNE TISSIER; and DOES 1 through 10,<br><br>Defendants. | Case No. C-08-00342 CW<br><br>**ANSWER OF DEFENDANTS COUNTY OF SAN MATEO, BOARD OF SUPERVISORS FOR THE COUNTY OF SAN MATEO, MARK CHURCH, JERRY HILL, RICH GORDON, ROSE GIBSON, and ADRIENNE TISSIER**<br><br>TRIAL DATE:  None |

– 1 –
ANSWER OF DEFENDANTS COUNTY OF SAN MATEO, BOARD OF SUPERVISORS FOR THE
COUNTY OF SAN MATEO, MARK CHURCH, JERRY HILL, RICH GORDON, ROSE GIBSON, AND
ADRIENNE TISSIER

COME NOW DEFENDANTS SAN MATEO COUNTY, BOARD OF SUPERVISORS FOR THE COUNTY OF SAN MATEO, MARK CHURCH, JERRY HILL, RICH GORDON, ROSE GIBSON, and ADRIENNE TISSIER, and in answer to the Amended Complaint on file herein, admit, deny and allege as follows:

**BRIEF SUMMARY**

1. Answering the allegations contained in Paragraph 1, defendants admit that this action arises from the denial of Sprint's application for a renewal permit authorizing Sprint to maintain and operate a wireless telecommunications facility at 1175 Palomar Drive, Redwood City, California. Defendants deny each and every other allegation in that paragraph.

**JURISDICTION AND VENUE**

2. Defendants admit the allegations in Paragraph 2 of the Amended Complaint.

**THE PARTIES**

3. Answering the allegations contained in Paragraph 3, defendants allege that they are without sufficient information or belief to enable them to answer and, basing their denial on that ground, deny the allegations therein.

4. Answering the allegations contained in Paragraph 4, defendants allege that they are without sufficient information or belief to enable them to answer and, basing their denial on that ground, deny the allegations therein.

5. Defendants admit the allegations in Paragraph 5 of the Amended Complaint.
6. Defendants admit the allegations in Paragraph 6 of the Amended Complaint.
7. Defendants admit the allegations in Paragraph 7 of the Amended Complaint.
8. Defendants admit the allegations in Paragraph 8 of the Amended Complaint.
9. Defendants admit the allegations in Paragraph 9 of the Amended Complaint.
10. Defendants admit the allegations in Paragraph 10 of the Amended Complaint.
11. Defendants admit the allegations in Paragraph 11 of the Amended Complaint.
12. Answering the allegations contained in Paragraph 12, defendants deny that plaintiffs are unaware of the true names and capacities of Defendants Does 1 through 10. Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of that paragraph and, basing their denial on that ground, deny the remaining allegations therein.

13. Answering the allegations contained in Paragraph 13, defendants admit that in doing the acts and omissions alleged in the Amended Complaint, defendants BOARD OF SUPERVISORS FOR THE COUNTY OF SAN MATEO, MARK CHURCH, JERRY HILL, RICH GORDON, ROSE GIBSON, and ADRIENNE TISSIER acted as the agents and employees of the COUNTY OF SAN MATEO. Defendants deny all remaining allegations of that paragraph.

## THE TELECOM ACT

14. Answering the allegations contained in Paragraph 14, defendants contend that the paragraph consists of legal conclusions and argument and requires from defendants neither admission nor denial of facts giving rise to any claim in the Amended Complaint. As to any facts stated therein, defendants allege that they are without sufficient information or belief to enable them to answer the allegations of that paragraph and, basing their denial on that ground, deny the allegations therein.

15. Answering the allegations contained in Paragraph 15, defendants contend that the paragraph consists of legal conclusions and argument and requires from defendants neither admission nor denial of facts giving rise to any claim in the Amended Complaint. As to any facts stated therein, defendants allege that they are without sufficient information or belief to enable them to answer the allegations of that paragraph and, basing their denial on that ground, deny the allegations therein.

16. Answering the allegations contained in Paragraph 16, defendants contend that the paragraph consists of legal conclusions and argument and requires from defendants neither admission nor denial of facts giving rise to any claim in the Amended Complaint. As to any facts stated therein, defendants allege that they are without sufficient information or belief to enable them to answer the allegations of that paragraph and, basing their denial on that ground, deny the allegations therein.

## THE PERMIT

17. Defendants admit the allegations in Paragraph 17 of the Amended Complaint.

18. Defendants admit the allegations in Paragraph 18 of the Amended Complaint.

19. Answering the allegations contained in Paragraph 19, defendants allege that they are without sufficient information or belief to enable them to answer the allegation of that paragraph relating to whether Sprint's encroachment on a neighbor's property was "mistaken," and, basing their denial on that ground, deny that allegation. Defendants admit the remaining allegations in Paragraph 19 of the

1  Amended Complaint.

2  20.  Defendants admit the allegations in Paragraph 20 of the Amended Complaint.

3  21.  Defendants admit the allegations in Paragraph 21 of the Amended Complaint.

4  22.  Defendants admit the allegations in Paragraph 22 of the Amended Complaint.

5  23.  Defendants admit the allegations in Paragraph 23 of the Amended Complaint.

6  24.  Defendants admit the allegations in Paragraph 24 of the Amended Complaint.

7  25.  Defendants admit the allegations in Paragraph 25 of the Amended Complaint.

8  26.  Defendants admit the allegations in Paragraph 26 of the Amended Complaint.

9  27.  Defendants admit the allegations in Paragraph 27 of the Amended Complaint.

10  28.  Defendants admit the allegations in Paragraph 28 of the Amended Complaint.

11  29.  Defendants admit the allegations in Paragraph 29 of the Amended Complaint.

12  30.  Defendants admit the allegations in Paragraph 30 of the Amended Complaint.

13  31.  Defendants admit the allegations in Paragraph 31 of the Amended Complaint.

14  32.  Defendants admit the allegations in Paragraph 32 of the Amended Complaint.

15  33.  Defendants admit the allegations in Paragraph 33 of the Amended Complaint.

16  34.  Defendants admit the allegations in Paragraph 34 of the Amended Complaint.

17  35.  Defendants admit the allegations in Paragraph 35 of the Amended Complaint.

18  36.  Defendants admit the allegations in Paragraph 36 of the Amended Complaint.

19  **FIRST CLAIM FOR RELIEF**

20  37.  Answering Paragraph 37 of the First Claim for Relief, defendants re-allege and

21  incorporate by reference herein their answers to Paragraphs 1 through 36 as though fully set forth herein.

22  38.  Defendants deny the allegations of Paragraph 38 of the complaint.

23  39.  Defendants deny the allegations of Paragraph 39 of the complaint.

24  40.  Answering the allegations contained in Paragraph 40, defendants contend that the

25  paragraph consists of legal conclusions and argument and require from defendants neither admission nor

26  denial of facts giving rise to any claim in the Amended Complaint.  As to any facts stated therein,

27  defendants allege that they are without sufficient information or belief to enable them to answer the

28  allegations of that paragraph and, basing their denial on that ground, deny the allegations therein.

– 4 –

41. Answering the allegations contained in Paragraph 41, defendants contend that the paragraph consists of legal conclusions and argument and require from defendants neither admission nor denial of facts giving rise to any claim in the Amended Complaint. As to any facts stated therein, defendants allege that they are without sufficient information or belief to enable them to answer the allegations of that paragraph and, basing their denial on that ground, deny the allegations therein.

42. Defendants deny the allegations of Paragraph 42 of the Amended Complaint.

43. Defendants deny the allegations of Paragraph 43 of the Amended Complaint.

**SECOND CLAIM FOR RELIEF**

44. Answering Paragraph 44 of the Second Claim for Relief, defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 36 as though fully set forth herein.

45. Defendants admit the allegations in Paragraph 45 of the Amended Complaint.

46. Defendants deny the allegations of Paragraph 46 of the Amended Complaint.

47. Defendants deny the allegations of Paragraph 47 of the Amended Complaint.

**THIRD CLAIM FOR RELIEF**

48. Answering Paragraph 48 of the Third Claim for Relief, defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 36 as though fully set forth herein.

49. Defendants admit the allegations in Paragraph 49 of the Amended Complaint.

50. Defendants admit the allegations of Paragraph 50 of the Amended Complaint.

51. Defendants deny the allegations of Paragraph 51 of the Amended Complaint.

52. Defendants deny the allegations of Paragraph 52 of the Amended Complaint.

**FOURTH CLAIM FOR RELIEF**

53. Answering Paragraph 53 of the Fourth Claim for Relief, defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 36 as though fully set forth herein.

54. Defendants admit the allegations in Paragraph 54 of the Amended Complaint.

55. Defendants deny the allegations of Paragraph 55 of the Amended Complaint.

56. Defendants deny the allegations of Paragraph 56 of the Amended Complaint.

**FIFTH CLAIM FOR RELIEF**

57. Answering Paragraph 57 of the Fifth Claim for Relief, defendants re-allege and

incorporate by reference herein their answers to Paragraphs 1 through 56 as though fully set forth herein.

58. Defendants deny the allegations in Paragraph 58 of the Amended Complaint.

59. Defendants deny the allegations of Paragraph 59 of the Amended Complaint.

### SIXTH CLAIM FOR RELIEF

60. Answering Paragraph 60 of the Sixth Claim for Relief, defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 59 as though fully set forth herein.

61. Defendants deny the allegations in Paragraph 61 of the Amended Complaint.

62. Defendants deny the allegations of Paragraph 62 of the Amended Complaint.

### SEVENTH CLAIM FOR RELIEF

63. Answering Paragraph 63 of the Seventh Claim for Relief, defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 62 as though fully set forth herein.

64. Defendants deny the allegations in Paragraph 64 of the Amended Complaint.

65. Defendants deny the allegations of Paragraph 65 of the Amended Complaint.

66. Defendants deny the allegations of Paragraph 66 of the Amended Complaint.

### PRAYER FOR RELIEF

67. Answering Paragraph 1 of the Prayer for Relief, defendants deny that plaintiffs have stated a claim upon which relief can be granted, and further deny that they are entitled to any relief, whether requested or otherwise.

68. Answering Paragraph 2 of the Prayer for Relief, defendants deny that plaintiffs have stated a claim upon which relief can be granted, and further deny that they are entitled to any relief, whether requested or otherwise.

69. Answering Paragraph 3 of the Prayer for Relief, defendants deny that plaintiffs have stated a claim upon which relief can be granted, and further deny that they are entitled to any relief, whether requested or otherwise.

70. Answering Paragraph 4 of the Prayer for Relief, defendants deny that plaintiffs have stated a claim upon which relief can be granted, and further deny that they are entitled to any relief, whether requested or otherwise.

## AFFIRMATIVE OR ADDITIONAL DEFENSES

### FIRST AFFIRMATIVE DEFENSE

71. Defendants allege that the Amended Complaint fails to state a cause of action against these answering defendants.

### SECOND AFFIRMATIVE DEFENSE

72. Defendants allege their acts were privileged.

### THIRD AFFIRMATIVE DEFENSE

73. Defendants allege that each of the acts alleged to have been committed by defendants were committed in good faith and in the exercise of a good faith belief that said acts were proper and lawful and within their legal responsibility and discretion.

### FOURTH AFFIRMATIVE DEFENSE

74. Defendants allege that the acts complained of occurred within the scope of defendants' official duties and defendants had no knowledge that said acts were illegal and/or unconstitutional nor were said acts clearly violative of plaintiffs' rights at the time they were committed.

### FIFTH AFFIRMATIVE DEFENSE

75. Defendants allege that plaintiffs, by their own conduct, induced and intentionally caused and brought about the conduct of which plaintiffs complain, and the injuries, loss and damages complained of, and plaintiffs' intentional conduct either bars or reduces any potential relief.

### SIXTH AFFIRMATIVE DEFENSE

76. Defendants allege that plaintiffs consented to the acts complained of in the Amended Complaint and that said consent was both express and implied.

### SEVENTH AFFIRMATIVE DEFENSE

77. Defendants allege that this Amended Complaint is barred by portions of the California Government Code, including, but not limited to, sections 815, 815.2, 815.6, 818, 818.6, 818.8, 820.2, 820.4, 820.6, 820.8, 820.25, 821.4, 821.6, 822.2, 840, 840.6, 855.6, and 855.8.

### EIGHTH AFFIRMATIVE DEFENSE

78. Defendants allege that plaintiffs' claims are barred by virtue of the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

79. Defendants contend that they are immune from suit under the Eleventh Amendment.

### TENTH AFFIRMATIVE DEFENSE

80. Defendants allege that plaintiffs have failed to exhaust mandatory administrative remedies.

### ELEVENTH AFFIRMATIVE DEFENSE

81. Defendants allege that the action is barred by the statute of limitations and/or the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

82. Defendants allege that the Amended Complaint, and each claim therein, is moot.

### THIRTEENTH AFFIRMATIVE DEFENSE

83. Defendants allege that the Amended Complaint, and each claim therein, is barred because plaintiffs lack standing to bring this Amended Complaint, each cause of action therein, or to recover attorney's fees.

### FOURTEENTH AFFIRMATIVE DEFENSE

84. Defendants allege that the Amended Complaint and each claim therein fails to state sufficient facts to support declaratory relief because there is no current, real controversy that is ripe for adjudication.

### FIFTEENTH AFFIRMATIVE DEFENSE

85. Defendants allege that the Amended Complaint and each claim therein fails to state sufficient facts to support equitable relief because at all times the Defendants were acting within the lawful exercise of their rights and duties.

### SIXTEENTH AFFIRMATIVE DEFENSE

86. Defendants allege that they cannot be held liable for any of the acts or omissions alleged in the Amended Complaint because said acts constituted a valid exercise of Defendants' police power.

### SEVENTEENTH AFFIRMATIVE DEFENSE

87. Defendants allege that each and every claim in the Amended Complaint is barred by plaintiffs' failure to raise the particular issue at the public hearing or in written correspondence to the

1 County as required by Government Code section 65009.

2 WHEREFORE, defendants pray that plaintiffs take nothing by their complaint, for costs of suit herein, for attorneys' fees, and for such other and further relief as to the Court may seem reasonable and proper.

Respectfully submitted,   MICHAEL P. MURPHY, COUNTY COUNSEL

DATED: June 9, 2008

By: _____
TIMOTHY J. FOX, Deputy
Attorneys for Defendants

\\cco-fp\Shared\LITIGATE\S_CASES\Sprint Spectrum L.P\Pleadings\Answer 2.doc