JOHN J. FLYNN III (SBN 76419)
Nossaman, Guthner, Knox & Elliott, LLP
18101 Von Karman Avenue, Suite 1800
Irvine, California 92612-0177
Telephone:  (949) 833-7800
Facsimile:   (949) 833-7878
jflynn@nossaman.com

Attorneys for Plaintiff
SPRINT SPECTRUM L.P., a Delaware limited partnership;
SPRINT SPECTRUM REALTY COMPANY, L.P., a Delaware limited partnership

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPRINT SPECTRUM L.P., a Delaware limited partnership; SPRINT SPECTRUM REALTY COMPANY, L.P., a Delaware limited partnership,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN MATEO; BOARD OF SUPERVISORS FOR THE COUNTY OF SAN MATEO, its governing body; MARK CHURCH, in his official capacity as Board Member of the Board of Supervisors for the County of San Mateo; JERRY HILL, in his official capacity as Board Member of the Board of Supervisors for the County of San Mateo; RICH GORDON, in his official capacity as Board Member of the Board of Supervisors for the of the County of San Mateo; ROSE GIBSON, in her official capacity as Board Member of the Board of Supervisors for the County of San Mateo; ADRIENNE TISSIER, in her official capacity as Board Member of the Board of Supervisors for the County of San Mateo; and DOES 1-10, inclusive.<br><br>Defendants. | Case No. C 08-00342 CW<br><br>Hon. Claudia Wilken<br>Courtroom 2<br><br>**JOINT CASE MANAGEMENT STATEMENT OF PARTIES PURSUANT TO FRCP 16 AND 26(F) AND LR 16-9** |

284868_2.DOC

On March 27, 2008, counsel for plaintiffs Sprint Spectrum L.P. and Sprint Spectrum Realty Company, L.P. (collectively "Sprint"), and counsel for defendants County of San Mateo, Board of Supervisors for the County of San Mateo, its governing body, Mark Church, in his official capacity as Board Member of the Board of Supervisors for the County of San Mateo, Jerry Hill, in his official capacity as Board Member of the Board of Supervisors for the County of San Mateo, Rich Gordon, in his official capacity as Board Member of the Board of Supervisors for the of the County of San Mateo, Rose Gibson, in her official capacity as Board Member of the Board of Supervisors for the County of San Mateo, and Adrienne Tissier, in her official capacity as Board Member of the Board of Supervisors for the County of San Mateo (collectively, the "County"), met telephonically pursuant to the Court's Order Setting Initial Case Management Conference and ADR Deadlines and the requirements set forth in the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California concerning early meeting of counsel:

## FRCP 26(f) CONFERENCE ISSUES

**1. Jurisdiction and Service:**

Both Sprint and the County agree that this Court has proper subject matter jurisdiction over Sprint's claims pursuant to 28 U.S.C. §§ 1331, 1337, 1367(a) and 2202. Further, both parties agree that venue is proper in this Court under 28 U.S.C. § 1391(b). The County does not dispute that this Court has jurisdiction over the matters and parties alleged in the Amended Complaint.

Currently, the County has not filed any counterclaims, nor does it anticipate a need to do so in the future.

All the named defendants were properly served with the Complaint and First Amended Complaint. The County does not dispute the propriety or method of service.

**2. Facts:**

This matter involves Sprint's challenge to the County's denial of an application for a permit to continue using a telecommunications facility that had been in continuous

operation since 2001. Sprint alleges the County's denial of Sprint's permit application violates the Federal Telecommunications Act of 1996 ("Telecom Act") and other related provisions of federal law.

In 2001, Sprint received approval from the County to construct an unmanned telecommunications facility at 1175 Palomar Drive, Redwood City, California. Shortly thereafter, Sprint constructed the facility and related equipment. However, during the construction, part of Sprint's equipment was apparently mistakenly built so that the foundation of one antenna encroached on a neighboring property. In October 2005, the County advised Sprint that its 2001 conditional use permit for the telecommunications facility was due to expire. In February 2006, Sprint filed a renewal application with the County. The County's outside planning firm recommended that the renewal application be approved with a few minor conditions of approval. After Sprint satisfied most of these conditions of approval, the first-level decisionmaker approved Sprint's application. However, this approval was appealed by area residents to the County Planning Commission (as authorized by the County's Zoning Regulations). After the Planning Commission reversed the approval, Sprint appealed to the County Board of Supervisors (as authorized by the County's Zoning Regulations). The Board denied Sprint's appeal, and this action ensued. The Board denied the appeal on the stated basis that (i) Sprint failed to comply with the conditions of approval from the original permit, and failed to submit the application for renewal prior to the expiration of the original permit, and (ii) Sprint failed to show that alternative sites could not achieve the same result as the site in question. The parties do not dispute this factual history; the legal significance of the facts is disputed, however.

**3.     Legal Issues:**

The principal issues of this case are as follows:

        (a)    whether the County's denial of Sprint's application constitutes a violation of the Telecom Act because it constitutes an unreasonable

                    discrimination among providers of functionally equivalent services, in violation of section 332 of the Telecom Act;

      (b)    whether the County's denial of Sprint's application constitutes a prohibition on the provision of service, in violation of sections 253 and 332 of the Telecom Act;

      (c)    whether the County's denial of Sprint's application exceeds the County's lawful regulatory discretion under section 253 of the Telecom Act;

      (d)    whether the County's denial of Sprint's application constitutes a violation of section 332 of the Telecom Act because it is not supported by substantial evidence;

      (e)    whether the Ordinance or Ordinances the County relied on in supporting its denial of Sprint's application are preempted by the Supremacy Clause of the U.S. Constitution.

**4.     Motions:**

On March 13, 2008, the County filed a motion seeking to dismiss Sprint's Fourth Claim for Relief. On March 27, 2008, the parties filed a stipulation and proposed order requesting an extension of time for Sprint to file an opposition brief and the County to file a reply brief. The Court granted the extension, also continuing the case management conference to the same date and time as the hearing on the motion to dismiss. On April 18, 2008, the parties filed a second stipulation and proposed order seeking to continue the dates for the motion to dismiss and the case management conference. The Court again granted the requested extensions. As a result of the extensions, and the communications between the parties that ensued, rather than file an opposition to the County's motion, Sprint filed a First Amended Complaint, which mooted the County's pending motion to dismiss. On June 9, 2008, the County defendants filed an Answer to the First Amended Complaint.

At this time, both Sprint and the County anticipate that most, if not all, legal issues in this action can be decided on the basis of cross-motions for summary judgment. Because of the relative complexity of the issues of law presented in this matter, plaintiffs may request that the Court waive the 25-page limitation on points and authorities set forth in Local Rules 7-2 and 7-3.  Further, the parties plan to present to the Court a proposed briefing schedule for the cross-motions, thereby mooting the application of Local Rule 16-5.

**5.    Amendment of Pleadings:**

Neither party presently anticipates the need for future amendments.

**6.    Evidence Preservation:**

The parties do not believe that there are any issues relating to evidence preservation that require discussion.

**7.    Disclosures:**

At this time, the parties believe that most, if not all of the claims can be resolved on the basis of the administrative record.  As such, most of the initial disclosures mandated by the Federal Rules of Civil Procedure appear to be inapplicable.  Because of this, the parties have agreed to provide whatever disclosures are currently implicated, and defer the remaining disclosures until after the administrative record has been certified, and the parties have reviewed the record and assessed whether extra-record evidence and/or discovery will be necessary and authorized by law.

**8.    Discovery:**

As the parties stated above, at this time, they believe that most, if not all of the claims can be resolved on the basis of the administrative record.  The parties will not be certain about the need for extra-record evidence and discovery until after the administrative record has been compiled, certified, and reviewed.  Mindful of the Telecom Act's requirement that the Court is required to hear and decide this action on an expedited basis (see 47 U.S.C. § 332(c)(7)(B)(v)), the parties have agreed that the County shall compile and certify the administrative record as soon as practicable, again mooting

the application of Local Rule 16-5.  Accordingly, the parties request that the Court defer setting a discovery cut-off until 60 days after the administrative record has been certified.  The County will file with the Court a notice of preparation of the administrative record.

**9.    Class Action:**

This is not a class action.

**10.   Related Cases:**

There are no related cases of which the parties are aware.

**11.   Relief:**

Sprint's Amended Complaint prays for relief in the following manner: (1) a temporary restraining order, preliminary and permanent injunction compelling the County to issue the requested permit; (2) a declaration from the Court that the County violated the Telecom Act and the Supremacy Clause of the United States; (3) a writ of mandate compelling the County to issue the requested permit; and (4) an award of costs and reasonable attorneys' fees.

The County's answer prays for relief in the following manner: (1) entry of judgment on all of Sprint's claims, and (2) an award of costs and reasonable attorneys' fees.

**12.   Settlement and ADR:**

The parties do believe that there is a possibility of settlement.  At this time, however, they do not believe that a formally imposed form of ADR would be helpful.  Additionally, the parties do not believe that any motion, other than the anticipated cross-motions for summary judgment, will aid in negotiating a resolution of this matter.

**13.   Consent to Magistrate Judge for All Purposes:**

Neither party consents to having a Magistrate Judge handle this matter for all purposes.

**14.   Other References:**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   Narrowing of Issues:**

The parties are currently attempting to narrow the issues in this case through vigorous and open communication, which has resulted in Sprint's decision to amend the complaint.

**16.   Expedited Schedule:**

Under section 332(c)(7)(B)(v) of the Telecom Act, the Court is required to hear and decide this action on an expedited basis.

**17.   Scheduling:**

After the parties have had an opportunity to evaluate the administrative record and the need for discovery, they plan to present to the Court a proposed briefing schedule for cross-motions for summary judgment. As such, the parties request that the Court defer the setting of a dispositive motion cut-off date, a discovery cut-off date, a pre-trial conference date, and a trial date until after the administrative record has been certified and the proposed briefing (and possibly discovery) schedule is submitted to the Court.

**18.   Trial:**

Both Sprint and the County believe that there is a strong likelihood that all legal issues in this action can be resolved by cross-motions for summary judgment. Because the length of trial will depend on the substance of the issues that remain, if any, after the resolution of the cross-motions for summary judgment, the parties cannot accurately estimate a length of trial. However, if the cross-motions fail to resolve all claims, the parties estimate that a trial will take 5 to 7 court days. Neither party is requesting a jury trial.

**19.   Disclosure of Non-Party Interested Entities or Persons:**

Sprint timely filed its Certification of Interested Entities or Persons, disclosing that Sprint Spectrum Holding Company, L.P., a Delaware limited partnership, has a financial interest in this litigation. The County was exempt from filing a Certificate of Interested Entities or Persons under Local Rule 3-16(a).

**20.    Other Matters:**

The parties do not believe that there are other matters affecting the just, speedy and economical disposition of this matter.

Dated: June 11, 2008            COUNTY COUNSEL FOR THE
                                COUNTY OF SAN MATEO

                                By: /s/_____
                                      Timothy Fox, Deputy

                                Attorneys for Defendants


Dated: June 11, 2008            JOHN J. FLYNN III
                                NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP

                                By: /s/_____
                                      John J. Flynn III

                                Attorneys for Plaintiffs