

County of San Mateo

# Planning & Building Department

455 County Center, 2nd Floor
Redwood City, California 94063
650/363-4161  Fax: 650/363-4849

Mail Drop PLN122
plngbldg@co.sanmateo.ca.us
www.co.sanmateo.ca.us/planning

**Please reply to: Michael Schaller**
**(650) 363-1849**

January 28, 2008

PROJECT FILE

NSA Wireless
Chris Durand
2527 Camino Ramon, #305
San Ramon, CA  94583

### Revised Notice of Final Decision

**Subject:**     **PLN2000-00497**
**Location:**    **1175 Palomar Drive**

Dear Mr. Durand:

On December 18, 2007, the San Mateo County Board of Supervisors considered your appeal of the Planning Commission's denial of the following project:

> Consideration of a Use Permit Renewal, pursuant to Section 6500 of the County Zoning Regulations, to allow the continued operation of a cellular communications facility consisting of two 13-foot tall monopoles and one equipment enclosure measuring 18 feet by 15 feet located in the rear yard of the residential property located at 1175 Palomar Drive in the unincorporated Palomar Park area of San Mateo County.

Based on information provided by staff and evidence presented at the hearing, the Board of Supervisors made the following findings:

1.   That the permit holder, Sprint Spectrum L.P., failed to comply in a timely manner with conditions of approval established in 2000.  Specifically, Sprint failed to install required landscaping and relocate a misplaced pole prior to expiration of the original use permit.  Sprint Spectrum L.P. also failed to submit a request for permit renewal prior to the expiration date of the original permit.

2.   That the permit holder, Sprint Spectrum L.P., failed to show that alternative sites or a combination of sites could not achieve the same results as this site in question.

**AR 0270**

Mr. Christeson
January 28, 2008
Page 2

## REQUIRED ACTION

The permit holder, Sprint Spectrum L.P., must obtain a demolition permit within 60 days of this decision and remove the facility in its entirety within 30 days of issuance of the demolition permit.

If you have questions regarding this matter, please contact the project planner listed on page one.

Sincerely,

Rosario Fernandez
Planning Commission Secretary

cc:  Ashnita Narayan, Agenda Coordinator
     Jim Eggemeyer, Deputy Director
     Bill Cameron, Building Inspection Manager
     Curtis Brooks
     Rich Landi, Palomar Park Home Owners Association
     Alicia Torre

AR 0271





## Planning & Building Department

455 County Center, 2nd Floor
Redwood City, California 94063
650/363-4161  Fax: 650/363-4849

Mail Drop PLN122

plngbldg@co.sanmateo.ca.us
www.co.sanmateo.ca.us/planning

**Please reply to: Michael Schaller**
**(650) 363-1849**

December 18, 2007



NSA Wireless
Chris Durand
2527 Camino Ramon, #305
San Ramon, CA  94583

### Notice of Final Decision

**Subject:**   **PLN2000-00497**
**Location:**   **1175 Palomar Drive**

Dear Mr. Durand:

On December 18, 2007, the San Mateo County Board of Supervisors considered your appeal of the Planning Commission's denial of the following project:

> Consideration of a Use Permit Renewal, pursuant to Section 6500 of the County Zoning Regulations, to allow the continued operation of a cellular communications facility consisting of two 13-foot tall monopoles and one equipment enclosure measuring 18 feet by 15 feet located in the rear yard of the residential property located at 1175 Palomar Drive in the unincorporated Palomar Park area of San Mateo County.

Based on information provided by staff and evidence presented at the hearing, the Board of Supervisors made the following findings:

1.   That the permit holder, Sprint Spectrum L.P., failed to comply in a timely manner with conditions of approval established in 2000.  Specifically, Sprint failed to install required landscaping and relocate a misplaced pole prior to expiration of the original use permit.  Sprint Spectrum L.P. also failed to submit a request for permit renewal prior to the expiration date of the original permit.

2.   That the permit holder, Sprint Spectrum L.P., failed to show that alternative sites or a combination of sites could not achieve the same results as this site in question.

**AR 0272**

Chris Durand
December 18, 2007
Page 2


If you have questions regarding this matter, please contact the project planner listed on page one.


Sincerely,

Rosario Fernandez
Planning Commission Secretary


cc:  Ashnita Narayan, Agenda Coordinator
     Jim Eggemeyer, Deputy Director
     Bill Cameron, Building Inspection Manager
     Curtis Brooks
     Rich Landi, Palomar Park Home Owners Association
     Alicia Torre



GOOD COVERAGE

AVERAGE COVERAGE

POOR COVERAGE

From Sprint

# Sprint Coverage Without Site



From Sprint

# Sprint Coverage With Site



AR 0275

Actual coverage of cell tower

Cell tower SF33XC598

Emerald Hills

Palomar Dr

Crestview

Edgewood Road

280

Coverage area outline on street map

◎ Cell tower SF33XC598



Coverage area outline on satellite image

Cell tower SF33XC598



AR 0278

○ Cell tower SF33XC598

# Coverage on USGS Map



Alternate
site on
Water
Tanks

AR 0279



PROJECT FILE

## COUNTY OF SAN MATEO
### Inter-Departmental Correspondence

### PLANNING AND BUILDING DEPARTMENT

|  |  |
|---|---|
| **DATE:** | December 3, 2007 |
| **BOARD MEETING DATE:** | December 18, 2007 |
| **SPECIAL NOTICE/HEARING:** | 10 days, within 300 feet |
| **VOTE REQUIRED:** | Majority |

**TO:**     Honorable Board of Supervisors

**FROM:**   Lisa Grote, Director of Community Development LG

**SUBJECT:**   <u>EXECUTIVE SUMMARY</u>:  Consideration of a Use Permit Renewal to allow the continued operation of a cellular communications facility consisting of two 13-foot tall monopoles and one equipment enclosure measuring 18 feet by 15 feet located in the rear yard of the residential property located at 1175 Palomar Drive in the unincorporated Palomar Park area of San Mateo County.  (Appeal by the permit holder from decision of the Planning Commission to grant the appeal from the decision of the Zoning Hearing Officer and deny the renewal of the use permit.)

## RECOMMENDATION
Deny the appeal of Sprint Spectrum L.P. and uphold the Planning Commission's decision to revoke the use permit.

## VISION ALIGNMENT
**Commitment:** The proposed action keeps the commitment of "*Responsive, Effective, and Collaborative Government.*"  The Planning Commission, in making its decision, heard a considerable amount of testimony from neighbors of the project, and after carefully weighing this testimony and the information contained in the record, concluded that this permit should be revoked.  By upholding the Planning Commission's decision, the Board would be reinforcing this commitment.

**Goal:** The proposed action achieves Goal number 20:  "*Government decisions are based on careful consideration of future impact, rather than temporary relief or immediate gain.*"  In reaching its decision on this project, the Planning Commission considered the report prepared by the Planning Department staff.  They also considered

**AR 0280**

the public hearing testimony and information contained in the previous staff reports to the Zoning Hearing Officer (ZHO). After considering all of the information before them, the Commission determined that the permit holder (Sprint) had not complied with previous conditions of approval and had not shown that the current project location is the only site that could achieve its goal of adequate cell coverage in the area.

## BACKGROUND

The permit holder (Sprint Spectrum L.P.) is proposing to renew their use permit for an existing wireless communications facility in the rear yard of an existing single-family residence at 1175 Palomar Drive. The system consists of two monopoles and one equipment cabinet enclosure. The cellular antennas are attached to the 13-foot tall monopoles located on the southeast and northwest sides of the parcel. The equipment cabinet is located in the rear portion of the yard, adjacent to an existing T-Mobile cellular facility. The total area of the cabinet enclosure is 270 sq. ft., and is surrounded by a 6-foot high metal fence with green plastic slats.

**Planning Commission Action:** On January 18, 2007, the ZHO conditionally approved the renewal of this use permit. Subsequent to that decision, an appeal was filed to the Planning Commission. On June 13, 2007, the Planning Commission voted 4-1 to grant the appeal and revoke the use permit. In doing so, the Commission adopted the recommended findings as presented by the Planning Department.

## DISCUSSION

At the public hearing on October 4, 2007, the Board requested the permit holder, Sprint, to submit an alternative site study, the purpose of which is to determine if there are alternative locations in the vicinity that could provide similar coverage. The Board also directed staff to examine what impact removal of this site would have upon the E-911 network.

Sprint submitted a document that considered four different locations along the Edgewood Road corridor. No one site was identified as ideally suited to replace the existing Palomar Drive site. Moreover, Sprint did not provide evidence that they had approached the respective property owners as to their willingness to locate a cell site on their property. In subsequent discussions with Sprint's representative, NSA Wireless, it was established that other alternative sites in the area were not considered.

Regarding impacts to the E-911 network, removal of this cell site would not directly impact County emergency personnel since they rely primarily upon the County's radio network. However, it could affect, to varying degrees, anyone who uses Sprint as their cell phone provider, which could include County personnel.

## FISCAL IMPACT

None.

**AR 0281**



## COUNTY OF SAN MATEO
### Inter-Departmental Correspondence

### PLANNING AND BUILDING DEPARTMENT

|  |  |
|---|---|
| **DATE:** | December 3, 2007 |
| **BOARD MEETING DATE:** | December 18, 2007 |
| **SPECIAL NOTICE/HEARING:** | 10 days, within 300 feet |
| **VOTE REQUIRED:** | Majority |

**TO:** Honorable Board of Supervisors

**FROM:** Lisa Grote, Director of Community Development

**SUBJECT:** Consideration of a Use Permit Renewal, pursuant to Section 6500 of the County Zoning Regulations, to allow the continued operation of a cellular communications facility consisting of two 13-foot tall monopoles and one equipment enclosure measuring 18 feet by 15 feet located in the rear yard of the residential property located at 1175 Palomar Drive in the unincorporated Palomar Park area of San Mateo County. (Appeal by the permit holder from decision of the Planning Commission to grant the appeal from the decision of the Zoning Hearing Officer and deny the renewal of the use permit.)

County File Number:    PLN 2000-00497 (Sprint/Nextel)

## RECOMMENDATION

Deny the appeal of Sprint Spectrum L.P. and uphold the Planning Commission's decision to deny the renewal of the use permit.

## VISION ALIGNMENT

**Commitment:** The proposed action keeps the commitment of *"Responsive, Effective, and Collaborative Government."* The Planning Commission, in making its decision, heard a considerable amount of testimony from neighbors of the project, and after carefully weighing this testimony and the information contained in the record, concluded that this permit should not be renewed. By upholding the Planning Commission's decision, the Board would be reinforcing this commitment.

**AR 0282**

**Goal:** The proposed action achieves Goal number 20: "*Government decisions are based on careful consideration of future impact, rather than temporary relief or immediate gain.*" In reaching its decision on this project, the Planning Commission considered the report prepared by the Planning Department staff. They also considered the public hearing testimony and information contained in the previous staff reports to the Zoning Hearing Officer (ZHO). After considering all of the information before them, the Commission determined that the permit holder (Sprint) had not complied with previous conditions of approval and had not shown that the current project location is the only site that could achieve its goal of adequate cell coverage in the area.

## BACKGROUND

**Proposal:** The permit holder (Sprint Spectrum L.P.) is proposing to renew its use permit for an existing wireless communications facility in the rear yard of an existing single-family residence at 1175 Palomar Drive. The system consists of two monopoles and one equipment cabinet enclosure. The cellular antennas are attached to the 13-foot tall monopoles located on the southeast and northwest sides of the parcel. The equipment cabinet is located in the rear portion of the yard, adjacent to an existing T-Mobile cellular facility. The total area of the cabinet enclosure is 270 sq. ft., and is surrounded by a 6-foot high metal fence with green plastic slats.

Report Prepared By:  Michael Schaller, Senior Planner, Telephone 650/363-1849

Appellant:  NSA Wireless (representing Sprint Spectrum L.P.)

Applicant/Owner:  Sprint Spectrum L.P./Curtis Brooks

Location:  1175 Palomar Drive, Palomar Park

APN:  051-416-040

Size:  22,858 sq. ft.

Existing Zoning:  R-1/S-101 (Single-Family Residential/20,000 sq. ft. minimum parcel size)

General Plan Designation:  Low Density Residential (0.3 – 2.3 dwelling units per net acre)

Sphere-of-Influence:  Redwood City

Existing Land Use:  Single-Family Home and Other Wireless Communications Facilities

Flood Zone:  Zone C (Area of Minimal Flooding); Community Panel No. 060311-0250B, Effective Date:  July 5, 1984

**AR 0283**

Environmental Evaluation:  Exempt from environmental review, pursuant to the California Environmental Quality Act (CEQA), Section 15301, Class 1, relating to the continued operations of an existing utility.

Setting:  The project site is located on the west side of the street and is accessible from Palomar Drive.  The site is improved with a 1-story, single-family home and an existing T-Mobile cellular facility.  The surrounding uses are single-family homes.  The site is visible from Edgewood Road at Crestview, but the antennas and equipment compounds are painted to blend with the existing vegetation and are masked by both existing Monterey pine and similar trees located behind the existing facilities.

Chronology:

| Date | | Action |
| --- | --- | --- |
| November 17, 2000 | - | Use permit for Sprint cell site approved. |
| December 7, 2006 | - | First ZHO public hearing to consider renewal of this use permit.  Item continued to January 18, 2007, to allow sufficient time for the applicant to implement the approved landscaping plan that was previously required and for staff to confirm installation. |
| January 18, 2007 | - | ZHO conditionally approves renewal of Sprint use permit. |
| February 1, 2007 | - | Appeal to PC filed. |
| May 9, 2007 | - | First PC public hearing.  PC directs staff to prepare findings for non-renewal. |
| May 23, 2007 | - | Second PC public hearing.  PC discusses the proposed findings for non-renewal; however, the Commission is unable to adopt the findings due to lack of voting quorum (only three Commissioners were present and the vote was 2-1 for non-renewal). |
| June 13, 2007 | - | Third PC public hearing.  PC adopts findings of non-renewal. |
| June 19, 2007 | - | Appeal to the Board of Supervisors filed. |
| October 4, 2007 | - | Board of Supervisors public hearing.  Item continued to November 6, 2007. |
| November 6, 2007 | - | Staff requests continuance to December 18, 2007. |

3

**AR 0284**

December 18, 2007        -        Second Board of Supervisors public hearing.

## DISCUSSION

A.   BACKGROUND

At the Board's public hearing on October 4, 2007, the Board requested the permit holder, Sprint, to submit an alternative site study, the purpose of which is to determine if there are alternative locations in the vicinity that could provide similar coverage. The Board also directed staff to examine what impact removal of this site would have upon the E-911 network. These two items are addressed below.

B.   ALTERNATIVE SITES STUDY

On October 10, 2007, Sprint submitted a document in response to this Board's request for a study, which is included as Attachment F of this report. The report begins by describing the existing facility: the sectors covered by each antenna and the average number of calls handled within that sector. The existing site covers three sectors:

Sector A covers an area to the northwest of the project site, from approximately Appian Way (in San Carlos) to Hassler Road (in the Pulgas Ridge Open Space Preserve). This sector handles an average of 264 calls per day with an average of 680 minutes of usage per day.

Sector B provides contiguous coverage from the PG&E tower at the top of Edgewood Road down to approximately Old Stage Road (entrance to Edgewood County Park). This sector handles an average of 203 calls daily with an average of 625 minutes of usage per day.

Sector C provides contiguous coverage along Edgewood Road to Cordilleras Road, and into Emerald Lake Hills. This sector handles an average of 2,215 calls daily with an average of 5,462 minutes of usage per day.

In addition, the report points out that this facility handles an average of four E-911 calls per month. The report then discusses four alternative locations:

1.    The Mormon Church located at 1475 Edgewood (at corner of Scenic Drive/Edgewood). The site is approximately 500 feet below the existing facility and, according to Sprint, would not be viable for the total coverage that the existing facility currently provides. It would serve as a replacement to Sector C covering mobile traffic on Edgewood Road from Bennett Road to Crestview Court. According to Sprint, it has been their experience in the past that the Mormon Church is reluctant to negotiate with wireless telecommunications carriers for use of their facilities.

**AR 0285**

*Staff's Analysis*:  The report does not indicate whether Sprint has actually approached the Mormon Church regarding location of a facility at this site. Therefore, there is no basis for ruling out this option at this time.  While this site does not duplicate completely the coverage of the existing site, it does provide coverage that could be part of a suite of alternatives.  Environmental impacts would be minimal:  this is a developed site and would likely not require grading or vegetation removal to construct a facility.  Additionally, Sprint already operates a cell facility at the Sequoia Hospital location which provides coverage to much of this area.  Hence, the utility of this site as a replacement for the Palomar Drive site is unclear.

2.  Cordilleras Mental Health Center at 200 Edmonds Road.  Sprint has identified a penthouse structure on top of the Center, with an existing unused flagpole that could act as a replacement for Sector B of the existing Palomar Drive facility.  Sprint does not believe that it would provide more than 25% of the coverage of Sector A that the present antenna provides.  According to Sprint, Cal Fire employees have informed them that their landline phone service is periodically interrupted leaving them to rely on wireless phone service.  They also stated that their two-way radios do not work in the Medical Building next door--again leaving them to rely on wireless phone service. The report states that Cal Fire employees would support a site at this location to enhance cellular service, but this would not provide more than 25% that the existing site currently covers.  Development of a cell facility at this location would require the negotiation of a long-term lease with the County.

*Staff's Analysis*:  Development of a facility on top of this building would have minimal environmental impacts.  No grading or vegetation removal would be necessary to construct the facility.  There are several locations within the County's jurisdiction where cell facilities have been placed on the roof of multi-residential structures (in particular, along Alameda de las Pulgas). Again, Sprint offers no evidence regarding whether it has approached the County regarding a lease at this location.

3.  On top of the existing joint utility pole located at the rear of 1175 Palomar Drive.  Antennas for both Sectors B and C could be mounted above the existing utilities and painted to match the wood utility pole and would provide the same or better coverage than the existing facility provides.  This option would require an agreement with Pacific Gas & Electric and AT&T, but could potentially reduce one visual element of the site by removing the 13-foot monopole near the south property line.

**AR 0286**

Staff's Analysis: This option would simply move the visual impact of the southern monopole from ground level, where it is only readily visible to the adjacent property owner, to the top of a 25-foot tall pole where it would be visible to more people. It would not address the concerns of the adjacent neighbors, nor would it remove this cell facility from the residentially zoned parcel, which is the desire of the Board of Supervisors.

4.    The Clifford K-8 School located at Scenic Drive. This is a single-story building located at approximately the same elevation as Edgewood Road. According to the report, a potential wireless site at the existing building height is not feasible. Because of the existing topography, Sprint would need to elevate the antennas significantly with a light pole or other tower structure to provide 25% of the coverage of Sector A. The school would not be viable as a candidate for Sector B.

*Staff's Analysis*: No information was submitted to indicate whether Sprint had contacted the Clifford School regarding their willingness to locate a cell facility on the school grounds. As with the other options, with no evidence to confirm whether the various property owners would even entertain a cell facility on their property, there is no way to tell if these are viable alternatives.

On November 1, 2007, staff requested additional information to clarify what had been submitted and address questions that had arisen during staff's analysis. Both staff's questions and Sprint's responses are included as Attachment G. There are three points that staff wishes to point out in this second piece of correspondence:

1.    Sprint acknowledges that the coverage maps only show the Sprint network. So while there may be areas where a Sprint signal is weak or non-existent, that does not mean that a Sprint customer could not complete an emergency call through another carrier's network.

2.    The potential to place a site at the Cal Water tank above Big Canyon Park in San Carlos was not analyzed. It would appear that this location could provide coverage along I-280 and Crestview Drive and serve as a substitute for the Sector A antenna.

3.    Alternative locations within the Hetch Hetchy pipeline property were not explored.

As with the initial October 10, 2007 report, the appellant has failed to adequately examine and analyze alternative locations, either suggested by staff or in their own reports. Neither did the appellant submit evidence that they explored what appear to be viable alternatives, even if no single alternative location provides the same spectrum of coverage that the existing site provides. Thus, the preponderance of the evidence does not show that Sprint would be unable to provide coverage in the absence of the existing site.

**AR 0287**

C.   IMPACT TO 9-1-1 NETWORK

County employees, as emergency responders, use the County maintained radio network and are not exclusively reliant upon cell phones for communications. Removal of this site (and assuming it was not replaced by alternate site(s)) would result in a reduction in coverage for the Sprint network. This of course would affect Sprint subscribers, which could affect County personnel, both first responders and regular employees. That is not to say that there would be a complete lack of coverage. Depending upon a user's specific location at a given point in time, they likely could get a weaker signal from another Sprint antenna in the area. Alternately, there are other carriers operating in this geographic area. A customer of the Sprint network could still place a call through another company's network.

D.   CURRENT AND PENDING PERMITS

The project parcel is 22,858 sq. ft. in size and contains a 2,330 sq. ft. house. The rear portion of the parcel contains numerous mature trees, with additional trees recently planted to comply with previous conditions of approval. The Sprint facility (the permit before the Board) was initially approved on November 17, 2000. Adjacent to the Sprint facility is a similar facility owned by T-Mobile, the permit for which was renewed in 2002 (see Attachment D for location of these two facilities on the parcel). Additionally, there are two permit applications currently being processed by the Planning Department to construct two more cell facilities on this parcel.

E.   KEY ISSUES OF THE APPEAL
(The following information is from the staff report submitted for your consideration at the October 2, 2007 public hearing.)

NSA Wireless represents Sprint Spectrum and is the appellant. The following is a summation of the key issues in the appeal letter (see Attachment B), followed by staff's response:

1.   **"I wish the decision of the Planning Commission reversed because the Commission had recommendations from the Planning Department before it which upheld all requirements of approval for the renewal of an existing use permit. This permit allowed Sprint PCS to build and operate a very critical cellular communications facility on property located at 1175 Palomar Drive, Redwood City. This location had an existing PacBell/Cingular/AT&T facility already, and Sprint showed the necessity of using this location to provide service to an area where service was poor or non-existent."**

Response: In revoking this use permit, the PC made the following two findings:

**AR 0288**

a.   **That the appellant had failed to comply in a timely manner with conditions of approval established in 2000.  Specifically, the appellant failed to install required landscaping and relocation of a misplaced pole prior to expiration of the original use permit.  The applicant also failed to submit a request for permit renewal prior to the expiration date of the original permit.**

In the staff report to the PC, staff had recommended denial of the neighbor's appeal and upholding of the ZHO's decision to renew the use permit.  In the first report to the Commission, staff acknowledged that the appellant (Sprint) had failed to comply with previous conditions of approval for this permit in a timely manner.  The landscaping was only planted after the ZHO withheld renewal of the permit pending its installation.  The pole in question was finally moved to the correct location on April 12, 2007, approximately six years after Sprint was informed that they had placed the pole in the wrong location.  The request for renewal was not submitted until February 23, 2006; over three months after the permit had expired.  The PC felt that Sprint's poor track record in complying with previous conditions of approval was grounds for revocation of the use permit.

b.   **That the appellant failed to show that alternative sites or a combination of sites could not achieve the same results as this site in question because inadequate evidence was submitted to support the conclusion that this cell site is necessary for the public's health, safety, convenience, or welfare.**

Sprint did not provide evidence to the PC or to staff that alternative sites in the project vicinity were considered, even if more than one site would be required to achieve the same level of coverage.  What was presented to the PC were coverage maps showing how this site filled in a hole in Sprint's cellular coverage for this area.  Without an alternative analysis, the PC felt that there was insufficient evidence to support the claim that this cellular facility, at this location, is necessary for the public's health, safety, convenience, or welfare.

Since the PC's decision, no new evidence has been submitted by Sprint that would negate the Commission's findings for permit revocation.  Lacking additional or new evidence to support an alternative finding, staff recommends that the Board deny the appeal and revoke the use permit.

F.   ALTERNATIVE

Grant the appeal and overturn the decision of the PC by adopting the required findings and conditions of approval contained in Attachment E.  This action would

AR 0289

result in the renewal of the use permit. Below is the background information and required findings for renewing the use permit.

G. <u>COMPLIANCE WITH CONDITIONS OF THE LAST APPROVAL</u>

The conditions from the approval of the use permit in 2000 are assessed below with regard to compliance, and whether the conditions should either be retained or revised. Staff recommends that some conditions, as indicated, be removed in instances where the condition: (1) has been complied with, and/or (2) is no longer deemed feasible or necessary.

<u>Planning Department</u>

1.   This approval applies only to the proposal as described in this report and plans and documents submitted to the Planning Department on July 14, 2000. Minor adjustments to the project in the course of applying for building permits may be approved by the Community Development Director if they are consistent with the intent of and in substantial conformance with this approval.

*Compliance with Condition?* No. One of the two antenna poles was initially constructed approximately 4 feet from the approved location and was outside the property line. However, on April 12, 2007, the Planning Department approved a revision to the applicant's still open building permit to move the pole in question to its approved location. In addition, at the time of the December 7, 2006 ZHO hearing, the applicant had not implemented the landscape plan approved as part of this cell site's building permit on May 14, 2004. The ZHO continued this item subject to installation of the landscaping, which was completed by the applicant during the week of December 25, 2006.

*Recommend to Retain Condition?* Yes.

2.   The applicant shall obtain a building permit and develop in accordance with the approved plans.

*Compliance with Condition?* No. A building permit was issued and, as of the writing of this staff report, has not been finalized for the cell facility.

*Recommend to Retain Condition?* Yes, but modified as follows: The applicant shall complete all aspects of the building permit within four (4) months of use permit renewal.

AR 0290

3.   This use permit shall be valid for a 5-year period and shall expire on November 2, 2005. The applicant shall file for a renewal of this permit six months prior to the expiration with the County Planning and Building Department, if continuation of this use is desired.

*Compliance with Condition?*  No. The renewal application was only submitted on February 23, 2006, after a third and final renewal notice was sent extending the deadline to February 27, 2006.

*Recommend to Retain Condition?*  Yes, but modified to:  This use permit shall be valid for a 10-year period and shall expire on December 18, 2017. The applicant shall file for a renewal of this permit six months prior to the expiration with the County Planning and Building Department, if continuation of this use is desired. Any modifications to this facility will require a use permit amendment. If an amendment is requested, the applicant shall submit the necessary documents and fees for consideration at a public hearing.

State legislation recently signed into law by the Governor has now extended the life span of all use permits for cellular facilities to 10 years. This condition has been modified to reflect that change in State law.

4.   The monopoles, antennas, and fencing shall be painted the same "enviro-green" color as the existing Pacific Bell equipment cabinet. A color sample shall be submitted to the Planning Counter prior to building permit issuance. The applicant shall include file/case number with all color samples. Color verification by a building inspector shall occur in the field after the applicant has painted the equipment an approved color, but before the applicant schedules a final inspection.

*Compliance with Condition?*  Yes. The monopoles are the same color as the existing T-Mobile (previously Pacific Bell) enclosure but both seem to have faded.

*Recommend to Retain Condition?*  Yes, but modified to:  The monopoles and antennas shall be repainted in the originally approved and painted color, "enviro-green." Metal fencing with green plastic slats shall be maintained in good condition. Any proposed change to the color shall be reviewed and approved by the Planning Department prior to painting. Any new color proposed shall blend with the character of the site and the vegetation in the vicinity.

5.   Construction hours shall be Monday through Friday 7:00 a.m. to 6:00 p.m., Saturday 9:00 a.m. to 5:00 p.m., and no construction will be allowed on Sundays or national holidays.

*Compliance with Condition?*  Yes.

**AR 0291**

*Recommend to Retain Condition?*  Yes.  The building permit is still in an "issued" status and has not been finalized.

6.    Noise levels produced by the proposed construction activity shall not exceed 80-dBA level at any one moment.

*Compliance with Condition?*  Yes.

*Recommend to Retain Condition?*  Yes.  The building permit is still in an "issued" status and has not been finalized.

7.    The installation shall be removed in its entirety at that time when this technology becomes obsolete or this facility is no longer needed.

*Compliance with Condition?*  Yes.  The installation has not been removed since technology is not yet obsolete and the facility is still needed.

*Recommend to Retain Condition?*  Yes.

8.    The applicant shall submit an erosion control plan which implements best management practices to prevent erosion and sedimentation during the entire construction process prior to building permit issuance.  The plan shall include, but is not limited to:  (1) installation of silt blankets and fiber rolls below all areas of earth clearing, (2) covering of surcharges for protection from rain and wind erosion, and (3) replanting all disturbed areas immediately upon completion of construction with indigenous vegetation.

*Compliance with Condition?*  Yes.  This was confirmed as having been met when the initial building permit for the facility was issued.

*Recommend to Retain Condition?*  Yes.  The building permit is still in an "issued" status and has not been finalized.

9.    During project construction, the applicant shall, pursuant to Section 5022 of the San Mateo County Ordinance Code, minimize the transport and discharge of stormwater runoff from the construction site into storm drain systems and water bodies by:

a.    Disposing of removed soil in a County-approved landfill, or by spreading the soil in the immediate vicinity employing the above erosion control techniques at a depth not to exceed 6 inches in height.

b.    Stabilizing all denuded areas and maintaining erosion control measures continuously between October 15 and April 15.

**AR 0292**

c.   Removing spoils promptly and avoiding stockpiling of fill materials, when rain is forecast.  If rain threatens, stockpiled soils and other materials shall be covered with a tarp or other waterproof material.

d.   Storing, handling, and disposing of construction materials and wastes so as to avoid their entry to the storm drain system or water body.

e.   Avoiding cleaning, fueling or maintaining vehicles on-site, except in an area designated to contain and treat runoff.

f.   The applicant shall revegetate construction areas with native plant materials (trees, shrubs, and/or groundcover), which are compatible with the surrounding vegetation and are suitable to the climate, soil, and ecological characteristics of the area.

*Compliance with Condition?*  Yes.  This was confirmed as having been met when the initial building permit was issued.

*Recommend to Retain Condition?*  Yes.  The building permit is still in an "issued" status and has not been finalized.

California Department of Forestry

10.   Maintain around and adjacent to such buildings or structures a fuel-break/firebreak made by removing and clearing away flammable vegetation for a minimum distance of 30 feet.  Remove that dead or dying portion of any tree which extends over the any structure.

*Compliance with Condition?*  Yes.

*Recommend to Retain Condition?*  Yes.

11.   All buildings and structures must have an address posted in such a location and in such a manner that it can be easily seen while traveling in both directions on the main road day or night.  Numerals shall be contrasting in color to their background and shall be no less than 4 inches in height, and have a minimum stroke of 3/4 inch.

*Compliance with Condition?*  Yes.

*Recommend to Retain Condition?*  Yes.

12.   All proposed enclosed structures on the site shall be equipped with an approved FM 200 fire protection system or equivalent.  Plans and calculations must be submitted to the San Mateo County Building Inspection Section for review and approval by the County Fire Department.

**AR 0293**

*Compliance with Condition?*  Yes.

*Recommend to Retain Condition?*  Yes, but modified to:  All proposed enclosed structures on the site shall be equipped with an approved FM 200 fire protection system or equivalent which shall be maintained for the duration of the use permit.

13.   Access must be provided from the street to the access gate at the proposed site.  The access must be provided in such a manner that emergency crews can get emergency medical equipment and fire fighting equipment to the scene.

*Compliance with Condition?*  Yes.  This condition was met at the time of initial building permit for the facility and was confirmed by a site visit on September 22, 2006.

*Recommend to Retain Condition?*  Yes.

14.   The proposed wood fencing is not desirable in this area because of the fire hazard.  A metal fence with slats would be more desirable solution to protect the facility.

*Compliance with Condition?*  Yes.  This was confirmed as having been met when the initial building permit for the facility and was confirmed by a site visit on September 22, 2006.

*Recommend to Retain Condition?*  Yes, but modified to:  The metal fence with slats shall be maintained to protect this facility.

15.   A Knox Box is required at the entry gate to allow emergency personnel access to the site in case of an emergency.  Contact the County Fire Department at 650/573-3846 for details.

*Compliance with Condition?*  Yes.  No entry gate prevents entrance to the property.  The site is open and accessible at all times.

*Recommend to Retain Condition?*  Yes, but modified to:  The project site shall remain accessible at all times.  If an entry gate is installed, then a Knox Box is required at the entry gate to allow emergency personnel access to the site in case of an emergency.  Contact the County Fire Department at 650/573-3846 for details.

16.   A final inspection will be required before the site can be put into use.  All project conditions which result in the issuance of a building permit will be required to be completed at that time.

**AR 0294**

*Compliance with Condition?* Yes. County Fire has finalized its responsibility for the building permit on June 21, 2001.

*Recommend to Retain Condition?* No.

17. A more in-depth plan review will be conducted at the time a building permit is applied for. This has been a preliminary review and additional conditions may be placed on the project at the building permit application stage.

*Compliance with Condition?* Yes.

*Recommend to Retain Condition?* No.

H.  CONFORMANCE WITH USE PERMIT FINDINGS

In order to continue the operation of this facility, the following use permit findings are necessary:

1.  **Find that the establishment, maintenance and/or conducting of the use will not, under the circumstances of the particular case, be detrimental to the public welfare or injurious to property or improvements in said neighborhood.**

    The impacts from the continued operation of this facility, subject to the recommended conditions of approval, will be minimal. County staff has received no complaints regarding interference with household appliances or communications equipment resulting from the antennas.

    Because the facility is unmanned and only requires periodic service visits, continued operation of the facility should not generate additional traffic, noise, or intensity of use of the property.

2.  **Find that the use is necessary for the public health, safety, convenience, or welfare.**

    The use is for telecommunication services. The FCC has established the desirability and need for wireless communications facilities to enable communication between mobile units and the existing wire-dependent telephone system. This facility contributes to an enhanced wireless network for increased clarity, range, and system capacity, and therefore is a benefit to both public and private users. The wireless network is considered necessary for public health, safety, convenience, and welfare, particularly in the case of a large-scale natural disaster, such as an earthquake or wildland fire. No adverse effects to public health and safety would result from the continued operation of this facility.

**AR 0295**

## FISCAL IMPACT

None.

## ATTACHMENTS

A.  Recommended Findings for Permit Revocation
B.  Appellant's Letter of Appeal
C.  Location and Vicinity Map
D.  Site Plan
E.  Alternative Recommended Findings and Conditions of Approval
F.  Alternative's Study (prepared by NSA Wireless)
G.  Supplemental Information from NSA Wireless


LG:MJS:fc – MJSR1283_WFU.DOC

AR 0296

Attachment A

COUNTY OF SAN MATEO
PLANNING AND BUILDING DEPARTMENT

**RECOMMENDED FINDINGS AND REQUIRED ACTION**

Permit File Number:  PLN 2000-00497         Board Meeting Date:  December 18, 2007

Prepared By:   Michael Schaller, Senior          For Adoption By:  Board of Supervisors
               Planner


**RECOMMENDED FINDINGS**

Regarding the Use Permit Renewal, Find:

1.   That the permit holder, Sprint Spectrum L.P., has failed to comply in a timely
     manner with conditions of approval established in 2000.  Specifically, Sprint failed
     to install required landscaping and relocate a misplaced pole prior to expiration of
     the original use permit.  Sprint Spectrum L.P. also failed to submit a request for
     permit renewal prior to the expiration date of the original permit.

2.   That the permit holder, Sprint Spectrum L.P., failed to show that alternative sites or
     a combination of sites would be unable to achieve adequate coverage for the
     customers for whom it provides cellular services.

**REQUIRED ACTION**

The permit holder, Sprint Spectrum L.P., must obtain a demolition permit within 60 days
of this decision and remove the facility in its entirety within 30 days of issuance of the
demolition permit.


LG:MJS:fc – MJSR1283_WFU.DOC

**AR 0297**

Attachment E

COUNTY OF SAN MATEO
PLANNING AND BUILDING DEPARTMENT

**ALTERNATIVE RECOMMENDED FINDINGS AND CONDITIONS OF APPROVAL**

Permit File Number:  PLN 2000-00497          Board Meeting Date:  December 18, 2007

Prepared By:   Michael Schaller, Senior          For Adoption By:  Board of Supervisors
               Planner


**ALTERNATIVE RECOMMENDED FINDINGS**

For the Environmental Review, Find:

1.   That this project is exempt from environmental review pursuant to the California Environmental Quality Act (CEQA), Section 15301, Class 1, relating to operation or permitting of existing private structures or facilities involving no expansion of use.

For the Use Permit, Find:

2.   That the establishment, maintenance, and conducting of the proposed use will not, under the circumstances of the particular case, result in a significant adverse impact, or be detrimental to the public welfare or injurious to property or improvements in said neighborhood.  The impacts from the continued operation of this facility, subject to the recommended conditions of approval, will be minimal. County staff has received no complaints regarding interference with household appliances or communications equipment resulting from the antennas.  Because the facility is unmanned and only requires periodic service visits, continued operation of the facility should not generate additional traffic, noise, or intensity of use of the property.

3.   That the approval of this cellular telecommunications addition is necessary for the public health, safety, convenience or welfare.  The use is for telecommunication services.  The FCC has established the desirability and need for wireless communications facilities to enable communication between mobile units and the existing wire-dependent telephone system.  This facility contributes to an enhanced wireless network for increased clarity, range, and system capacity, and therefore is a benefit to both public and private users.  The wireless network is considered necessary for public health, safety, convenience, and welfare, particularly in the case of a large-scale natural disaster, such as an earthquake or wildland fire.  No adverse effects to public health and safety will result from the continued operation of this facility.

AR 0298

## **ALTERNATIVE RECOMMENDED CONDITIONS OF APPROVAL**

Planning Department

1.  This approval applies only to the proposal as described in this report and plans and documents submitted to the Planning Department on July 14, 2000. Minor adjustments to the project in the course of applying for building permits may be approved by the Community Development Director if they are consistent with the intent of and in substantial conformance with this approval.

2.  The applicant shall complete all aspects of the open building permit (BLD 2000-01628), including relocation of the antenna pole, within four (4) months of use permit renewal.

3.  This use permit shall be valid for a 10-year period and shall expire on December 18, 2017. The applicant shall file for a renewal of this permit six months prior to the expiration with the County Planning and Building Department, if continuation of this use is desired. Any modifications to this facility will require a use permit amendment. If an amendment is requested, the applicant shall submit the necessary documents and fees for consideration at a public hearing.

4.  The monopoles and antennas shall be repainted in the originally approved and painted color, "enviro-green." Metal fencing with green plastic slats shall be maintained in good condition. Any proposed change to the color shall be reviewed and approved by the Planning Department prior to painting. Any new color proposed shall blend with the character of the site and the vegetation in the vicinity.

5.  Construction hours shall be Monday through Friday 7:00 a.m. to 6:00 p.m., Saturday 9:00 a.m. to 5:00 p.m., and no construction will be allowed on Sundays or national holidays.

6.  Noise levels produced by the proposed construction activity shall not exceed 80-dBA level at any one moment.

7.  The installation shall be removed in its entirety at that time when this technology becomes obsolete or this facility is no longer needed.

8.  The applicant shall submit an erosion control plan which implements best management practices to prevent erosion and sedimentation during the entire construction process prior to building permit issuance. The plan shall include, but is not limited to: (1) installation of silt blankets and fiber rolls below all areas of earth clearing, (2) covering of surcharges for protection from rain and wind erosion, and (3) replanting all disturbed areas immediately upon completion of construction with indigenous vegetation.

**AR 0299**