County of San Mateo

# Planning & Building Department

455 County Center, 2nd Floor
Redwood City, California 94063
650/363-4161  Fax: 650/363-4849

Mail Drop PLN122
plngbldg@co.sanmateo.ca.us
www.co.sanmateo.ca.us/planning

**Please reply to: Michael Schaller
(650) 363-1849**

October 4, 2007

Curtis Brooks
1175 Palomar Drive
Redwood City, CA  94062

PROJECT FILE

Dear Mr. Brooks:

**Subject:** **PLN2000-00497**
**Location:** **1175 Palomar Drive, Palomar Park**

On October 2, 2007, the San Mateo County Board of Supervisors considered a Use Permit Renewal, pursuant to Section 6500 of the County Zoning Regulations, to allow the continued operation of a cellular communications facility consisting of two 13-foot tall monopoles and one equipment enclosure measuring 18 feet by 15 feet located in the rear yard of the residential property located at 1175 Palomar Drive in the unincorporated Palomar Park area of San Mateo County.  (Appeal by the permit holder of the Planning Commission's decision to grant the appeal and revoke the Use Permit.)

The Board of Supervisors closed the public hearing and continued this item to November 6, 2007.  In continuing the item, the Board requested the representative for Sprint/Nextel to provide an alternative sites study for this project and directed staff to determine what potential impacts from the removal of this cellular facility would have upon public safety.

If you have questions regarding this matter, please contact the project planner listed above.

Sincerely,

*J. Contreras, for*

Rosario Fernandez
Planning Commission Secretary

Bosdec1002R_vd_Palomar

**AR 0350**

Curtis Brooks
October 4, 2007
Page 2


cc:    Ashnita Narayan, Agenda Coordinator
       Jim Eggemeyer, Deputy Director
       Bill Cameron, Building Inspection Manager
       Lisa Ekers, Department of Public Works
       NSA Wireless – Attn:  Steve Christenson
       Palomar Property Owners
       Rich Landis
       Kurt Oppenheimer
       Chris Durand
       Alicia Torre
       Sally Einspahr
       Leon Glahn

AR 0351





# COUNTY OF SAN MATEO
**Inter-Departmental Correspondence**

## PLANNING AND BUILDING DEPARTMENT

| | |
|---|---|
| **DATE:** | September 17, 2007 |
| **BOARD MEETING DATE:** | October 2, 2007 |
| **SPECIAL NOTICE/HEARING:** | 10 days, within 300 feet |
| **VOTE REQUIRED:** | Majority |

**TO:**   Honorable Board of Supervisors

**FROM:**   Lisa Grote, Director of Community Development   *L. G.*

**SUBJECT:**   EXECUTIVE SUMMARY:  Consideration of a Use Permit renewal to allow the continued operation of a cellular communications facility consisting of two 13-foot tall monopoles and one equipment enclosure measuring 18 feet by 15 feet located in the rear yard of the residential property located at 1175 Palomar Drive in the unincorporated Palomar Park area of San Mateo County.  (Appeal by permit holder from decision of the Planning Commission to grant the appeal from the decision of the Zoning Hearing Officer and revoke the Use Permit.)

## RECOMMENDATION

Deny the appeal of the permit holder and uphold the Planning Commission's decision to revoke the Use Permit.

## VISION ALIGNMENT

**Commitment:**  Number 9, the proposed project keeps the commitment of Responsive, Effective, and Collaborative Government.

**Goal:**  Number 20:  Government decisions are based on careful consideration of future impact, rather than temporary relief or immediate gain.

The Planning Commission, in making its decision, considered the staff report prepared by the Planning Department staff.  They also considered the public hearing testimony and information contained in the previous staff reports to the Zoning Hearing Officer

**AR 0352**

(ZHO). After considering all of the information before them, the Commission determined that the permit holder (Sprint) had not complied with previous conditions of approval and had not shown that the current project location was the only site that could achieve the goal of adequate cell coverage in the area.

## BACKGROUND

**Proposal:** The permit holder (Sprint Spectrum L.P.) is proposing to renew its Use Permit for an existing wireless communications facility in the rear yard of an existing single-family residence at 1175 Palomar Drive. The system consists of two monopoles and one equipment cabinet enclosure. The cellular antennas are attached to the 13-foot tall monopoles located on the southeast and northwest sides of the parcel. The equipment cabinet is located in the rear portion of the yard, adjacent to an existing T-Mobile cellular facility. The total area of the cabinet enclosure is 270 square feet, and is surrounded by a 6-foot high metal fence with green plastic slats.

**Planning Commission Action:** On January 18, 2007, the ZHO conditionally approved the renewal of this Use Permit. Subsequent to that decision, an appeal was filed to the Planning Commission. On June 13, 2007, the Planning Commission voted 4-1 to grant the appeal and revoke the Use Permit. In doing so, the Commission adopted the recommended findings as presented by the Planning Department.

## DISCUSSION

The Planning Commission determined that the permit holder did not comply with previous conditions of approval placed on this permit by the Zoning Hearing Officer in 2000. Specifically, the permit holder failed to: (1) install required landscaping in a timely manner, (2) move an incorrectly placed antenna, and (3) submit a request (with applicable fees) for permit renewal prior to the permit's expiration date.

Additionally, the permit holder did not provide evidence to the Planning Commission or to staff that alternative sites in the project vicinity were considered, even if more than one site would be required to achieve the same level of coverage. Without an alternatives analysis, the Planning Commission concluded that there was insufficient evidence to support the claim that this cellular facility, at this location, is necessary for the public's health, safety, convenience, or welfare.

## FISCAL IMPACT

None.

AR 0353

(ZHO). After considering all of the information before them, the Commission determined that the permit holder (Sprint) had not complied with previous conditions of approval and had not shown that the current project location was the only site that could achieve the goal of adequate cell coverage in the area.

## BACKGROUND

**Proposal:** The permit holder (Sprint Spectrum L.P.) is proposing to renew its Use Permit for an existing wireless communications facility in the rear yard of an existing single-family residence at 1175 Palomar Drive. The system consists of two monopoles and one equipment cabinet enclosure. The cellular antennas are attached to the 13-foot tall monopoles located on the southeast and northwest sides of the parcel. The equipment cabinet is located in the rear portion of the yard, adjacent to an existing T-Mobile cellular facility. The total area of the cabinet enclosure is 270 square feet, and is surrounded by a 6-foot high metal fence with green plastic slats.

**Planning Commission Action:** On January 18, 2007, the ZHO conditionally approved the renewal of this Use Permit. Subsequent to that decision, an appeal was filed to the Planning Commission. On June 13, 2007, the Planning Commission voted 4-1 to grant the appeal and revoke the Use Permit. In doing so, the Commission adopted the recommended findings as presented by the Planning Department.

## DISCUSSION

The Planning Commission determined that the permit holder did not comply with previous conditions of approval placed on this permit by the Zoning Hearing Officer in 2000. Specifically, the permit holder failed to: (1) install required landscaping in a timely manner, (2) move an incorrectly placed antenna, and (3) submit a request (with applicable fees) for permit renewal prior to the permit's expiration date.

Additionally, the permit holder did not provide evidence to the Planning Commission or to staff that alternative sites in the project vicinity were considered, even if more than one site would be required to achieve the same level of coverage. Without an alternatives analysis, the Planning Commission concluded that there was insufficient evidence to support the claim that this cellular facility, at this location, is necessary for the public's health, safety, convenience, or welfare.

## FISCAL IMPACT

None.

AR 0354



# COUNTY OF SAN MATEO
## Inter-Departmental Correspondence

## PLANNING AND BUILDING DEPARTMENT

**DATE:** September 17, 2007
**BOARD MEETING DATE:** October 2, 2007
**SPECIAL NOTICE/HEARING:** 10 days, within 300 feet
**VOTE REQUIRED:** Majority

**TO:** Honorable Board of Supervisors

**FROM:** Lisa Grote, Director of Community Development

**SUBJECT:** Consideration of a Use Permit Renewal, pursuant to Section 6500 of the County Zoning Regulations, to allow the continued operation of a cellular communications facility consisting of two 13-foot tall monopoles and one equipment enclosure measuring 18 feet by 15 feet located in the rear yard of the residential property located at 1175 Palomar Drive in the unincorporated Palomar Park area of San Mateo County. (Appeal by the permit holder from decision of the Planning Commission to grant the appeal from the decision of the Zoning Hearing Officer and revoke the Use Permit.)

County File Number:    PLN 2000-00497 (Sprint/Nextel)

## RECOMMENDATION

Deny the appeal of the permit holder and uphold the Planning Commission's decision to revoke the Use Permit.

## VISION ALIGNMENT

**Commitment:** The proposed action keeps the commitment of Responsive, Effective, and Collaborative Government. The Planning Commission, in making its decision, heard a considerable amount of testimony from neighbors of the project, and after carefully weighing this testimony and the information contained in the record, concluded that this permit should be revoked. By upholding the Planning Commission's decision, the Board would be reinforcing this commitment.

AR 0355

**Goal:** The proposed action achieves Goal number 20: Government decisions are based on careful consideration of future impact, rather than temporary relief or immediate gain. In reaching its decision on this project, the Planning Commission (PC) considered the report prepared by the Planning Department staff. It also considered the public hearing testimony and information contained in the previous staff reports to the Zoning Hearing Officer (ZHO). After considering all of the information, the Commission determined that the permit holder (Sprint) had not complied with previous conditions of approval and had not shown that the current project location is the only site that could achieve its goal of adequate cell coverage in the area.

## BACKGROUND

**Proposal:** The permit holder (Sprint Spectrum L.P.) is proposing to renew the Use Permit for an existing wireless communications facility in the rear yard of an existing single-family residence at 1175 Palomar Drive. The system consists of two monopoles and one equipment cabinet enclosure. The cellular antennas are attached to the 13-foot tall monopoles located on the southeast and northwest sides of the parcel. The equipment cabinet is located in the rear portion of the yard, adjacent to an existing T-Mobile cellular facility. The total area of the cabinet enclosure is 270 sq. ft., and is surrounded by a 6-foot high metal fence with green plastic slats.

Report Prepared By: Michael Schaller, Senior Planner, Telephone 650/363-1849

Appellant: Monroe Cochran (Sprint)

Applicant/Owner: Sprint Spectrum L.P./ Curtis Brooks

Location: 1175 Palomar Drive, Palomar Park

APN: 051-416-040

Size: 22,858 sq. ft.

Existing Zoning: R-1/S-101 (Single-Family Residential/20,000 sq. ft. min. parcel size)

General Plan Designation: Low Density Residential (0.3 – 2.3 dwelling units per net acre)

Sphere-of-Influence: Redwood City

Existing Land Use: Single Family Home and Other Wireless Communications Facilities

Flood Zone: Zone C (Area of Minimal Flooding); Community Panel No. 060311-0250B, Effective Date: July 5, 1984

AR 0356

Environmental Evaluation:  Exempt from environmental review, pursuant to the California Environmental Quality Act (CEQA), Section 15301, Class 1, relating to the continued operations of an existing utility

Setting:  The project site is located on the west side of the street and is accessible from Palomar Drive.  The site is improved with a 1-story, single-family home and an existing T-Mobile cellular facility.  The surrounding uses are single-family homes.  The site is visible from Edgewood Road at Crestview, but the antennae and equipment compounds are painted to blend with the existing vegetation and are screened by both existing Monterey Pine and similar trees located behind the existing facilities.

Chronology:

| Date | | Action |
|------|---|--------|
| November 17, 2000 | - | Use Permit for Sprint cell site approved. |
| December 7, 2006 | - | First ZHO public hearing to consider renewal of this Use Permit.  Item continued to January 18, 2007 to allow sufficient time for the applicant to implement the approved landscaping plan that was previously required and for staff to confirm installation. |
| January 18, 2007 | - | ZHO conditionally approves renewal of Sprint Use Permit including relocation of the existing pole to appropriate location as noted on originally approved plans. |
| February 1, 2007 | - | Appeal to PC filed. |
| May 9, 2007 | - | First PC public hearing.  PC directs staff to prepare findings for revocation. |
| May 23, 2007 | - | Second PC public hearing.  PC discusses the proposed findings for revocation; however, the Commission is unable to adopt the findings due to lack of support for denial from all three Commissioners present (only three Commissioners were present and the vote was 2-1 for revocation). |
| June 13, 2007 | - | Third PC public hearing.  PC adopts findings of revocation. |
| June 19, 2007 | - | Appeal to the Board of Supervisors filed. |
| October 2, 2007 | - | Board of Supervisors public hearing. |

**AR 0357**

## DISCUSSION

A.   BACKGROUND

The project parcel is 22,858 sq. ft. in size and contains a 2,330 sq. ft. house. The rear portion of the parcel contains numerous mature trees, with additional trees recently planted to comply with previous conditions of approval. The Sprint facility (the permit before the Board) was initially approved on November 17, 2000. Adjacent to the Sprint facility is a similar facility owned by T-Mobile, the permit for which was renewed in 2002 (see Attachment D for location of these two facilities on the parcel). Additionally, there are two permit applications currently being processed by the Planning Department to construct two more cell facilities on this parcel.

B.   KEY ISSUES OF THE APPEAL

Mr. Cochran represents Sprint Spectrum and is the appellant. The following is a summation of the key issues in the appeal letter (see Attachment B), followed by staff's response:

1.   **"I wish the decision of the Planning Commission reversed because the Commission had recommendations from the Planning Department before it which upheld all requirements of approval for the renewal of an existing Use Permit. This permit allowed Sprint PCS to build and operate a very critical cellular communications facility on property located at 1175 Palomar Drive, Redwood City. This location had an existing PacBell/Cingular/AT&T facility already, and Sprint showed the necessity of using this location to provide service to an area where service was poor or non-existent."**

Response:  In revoking this Use Permit, the PC made the following two findings:

a.   **That the appellant had failed to comply in a timely manner with conditions of approval established in 2000. Specifically, the appellant failed to install required landscaping and relocation of a misplaced pole prior to expiration of the original Use Permit. The applicant also failed to submit a request for permit renewal prior to the expiration date of the original permit.**

In the staff report to the PC (Attachment C), staff had recommended denial of the neighbor's appeal and upholding of the ZHO's decision to renew the Use Permit. In the first report to the Commission, staff acknowledged that the appellant (Sprint) had failed to comply with previous conditions of approval for this permit in a timely manner. The landscaping was only planted after the ZHO withheld renewal of the permit pending its installation. The pole in question was finally moved to the correct location on April 12, 2007, approximately six years after Sprint was informed that they had placed the

4

**AR 0358**

pole in the wrong location. The request for renewal was not submitted until February 23, 2006; over three months after the permit had expired. The PC felt that Sprint's poor track record in complying with previous conditions of approval was grounds for revocation of the Use Permit.

b.   **That the appellant failed to show that alternative sites or a combination of sites could not achieve the same results as this site in question because inadequate evidence was submitted to support the conclusion that this cell site is necessary for the public's health, safety, convenience, or welfare.**

Sprint did not provide evidence to the PC or to staff that alternative sites in the project vicinity were considered, even if more than one site would be required to achieve the same level of coverage. What was presented to the PC were coverage maps showing how this site filled in a hole in Sprint's cellular coverage for this area. Without an alternatives analysis, the PC felt that there was insufficient evidence to support the claim that this cellular facility, at this location, is necessary for the public's health, safety, convenience, or welfare.

Since the PC's decision, no new evidence has been submitted by Sprint that would negate the Commission's findings for permit revocation. Lacking additional or new evidence to support an alternative finding, staff recommends that the Board deny the appeal and revoke the Use Permit.

C.   ALTERNATIVES

1.   The Board could continue the public hearing and direct the appellant, Sprint Spectrum, to prepare an alternatives study, which would identify alternate locations that could provide the same coverage. The study shall clearly indicate what steps would be necessary to construct and maintain each alternate location. This study will be presented to staff who will conduct a review and analysis as to the potential impacts of developing these alternative locations.

2.   Grant the appeal and overturn the decision of the PC by adopting the required findings and conditions of approval contained in Attachment F. This action would result in the renewal of the Use Permit. Below is the background information and required findings for renewing the Use Permit.

D.   COMPLIANCE WITH CONDITIONS OF THE LAST APPROVAL

The conditions from the approval of the Use Permit in 2000 are assessed below with regard to compliance, and whether the conditions should be either retained or revised if the permit renewal is approved. Staff recommends that some conditions, as indicated, be removed in instances where the condition: (1) has been complied with, and/or (2) is no longer deemed feasible or necessary.

**AR 0359**

Planning Department

1.   This approval applies only to the proposal as described in this report and plans and documents submitted to the Planning Department on July 14, 2000. Minor adjustments to the project in the course of applying for building permits may be approved by the Community Development Director if they are consistent with the intent of and in substantial conformance with this approval.

*Compliance with Condition?* No. One of the two antennae poles was initially constructed approximately 4 feet from the approved location and was outside the property line. However, on April 12, 2007, the Planning Department approved a revision to the applicant's still open building permit to move the pole in question to its approved location. In addition, at the time of the December 7, 2006 ZHO hearing, the applicant had not implemented the landscape plan approved as part of this cell site's building permit on May 14, 2004 (Attachment E). The ZHO continued this item subject to installation of the landscaping, which was completed by the applicant during the week of December 25, 2006.

*Recommend to Retain Condition?* Yes.

2.   The applicant shall obtain a building permit and develop in accordance with the approved plans.

*Compliance with Condition?* No. A building permit was issued and, as of the writing of this staff report, has not been finalized for the cell facility.

*Recommend to Retain Condition?* Yes, but modified as follows: The applicant shall complete all aspects of the building permit within 4 months of Use Permit Renewal.

3.   This Use Permit shall be valid for a 5-year period and shall expire on November 2, 2005. The applicant shall file for a renewal of this permit six months prior to the expiration with the County Planning and Building Department, if continuation of this use is desired.

*Compliance with Condition?* No. The renewal application was only submitted on February 23, 2006, after a third and final renewal notice was sent extending the deadline to February 27, 2006.

*Recommend to Retain Condition?* Yes, but modified to:

This Use Permit shall be valid for a 10-year period and shall expire on September 27, 2017. The applicant shall file for a renewal of this permit six months prior to the expiration with the County Planning and Building Department, if continuation of this use is desired. Any modifications to this

**AR 0360**

facility will require a Use Permit amendment. If an amendment is requested, the applicant shall submit the necessary documents and fees for consideration at a public hearing.

State legislation recently signed into law by the Governor has now extended the life span of all use permits for cellular facilities to 10 years. This condition has been modified to reflect that change in State law.

4.   The monopoles, antennas, and fencing shall be painted the same "enviro-green" color as the existing Pacific Bell equipment cabinet. A color sample shall be submitted to the Planning Counter prior to building permit issuance. The applicant shall include file/case number with all color samples. Color verification by a building inspector shall occur in the field after the applicant has painted the equipment an approved color, but before the applicant schedules a final inspection.

   *Compliance with Condition?*  Yes. The monopoles are the same color as the existing T-Mobile (previously Pacific Bell) enclosure but both seem to have faded.

   *Recommend to Retain Condition?*  Yes, but modified to: The monopoles and antennas shall be repainted in the originally approved and painted color, "enviro-green." Metal fencing with green plastic slats shall be maintained in good condition. Any proposed change to the color shall be reviewed and approved by the Planning Department prior to painting. Any new color proposed shall blend with the character of the site and the vegetation in the vicinity.

5.   Construction hours shall be Monday through Friday 7:00 a.m. to 6:00 p.m., Saturday 9:00 a.m. to 5:00 p.m., and no construction will be allowed on Sundays or national holidays.

   *Compliance with Condition?*  Yes.

   *Recommend to Retain Condition?*  Yes. The building permit is still in an "issued" status and has not been finaled.

6.   Noise levels produced by the proposed construction activity shall not exceed 80 dBA level at any one moment.

   *Compliance with Condition?*  Yes.

   *Recommend to Retain Condition?*  Yes. The building permit is still in an "issued" status and has not been finaled.

AR 0361

7.   The installation shall be removed in its entirety at that time when this technology becomes obsolete or this facility is no longer needed.

   *Compliance with Condition?* Yes. The installation has not been removed since technology is not yet obsolete and the facility is still needed.

   *Recommend to Retain Condition?* Yes.

8.   The applicant shall submit an erosion control plan which implements best management practices to prevent erosion and sedimentation during the entire construction process prior to building permit issuance. The plan shall include, but is not limited to: (1) installation of silt blankets and fiber rolls below all areas of earth clearing, (2) covering of surcharges for protection from rain and wind erosion, and (3) replanting all disturbed areas immediately upon completion of construction with indigenous vegetation.

   *Compliance with Condition?* Yes. This was confirmed as having been met when the initial building permit for the facility was issued.

   *Recommend to Retain Condition?* Yes. The building permit is still in an "issued" status and has not been finaled.

9.   During project construction, the applicant shall, pursuant to Section 5022 of the San Mateo County Ordinance Code, minimize the transport and discharge of stormwater runoff from the construction site into storm drain systems and water bodies by:

   a.   Disposing of removed soil in a County approved landfill, or by spreading the soil in the immediate vicinity employing the above erosion control techniques at a depth not to exceed 6 inches in height.

   b.   Stabilizing all denuded areas and maintaining erosion control measures continuously between October 15 and April 15.

   c.   Removing spoils promptly and avoiding stockpiling of fill materials, when rain is forecast. If rain threatens, stockpiled soils and other materials shall be covered with a tarp or other waterproof material.

   d.   Storing, handling, and disposing of construction materials and wastes so as to avoid their entry to the storm drain system or water body.

   e.   Avoid cleaning, fueling or maintaining vehicles on-site, except in an area designated to contain and treat runoff.

   f.   The applicant shall revegetate construction areas with native plant materials (trees, shrubs, and/or groundcover), which are compatible with

AR 0362

the surrounding vegetation and are suitable to the climate, soil, and ecological characteristics of the area.

*Compliance with Condition?* Yes. This was confirmed as having been met when the initial building permit was issued.

*Recommend to Retain Condition?* Yes. The building permit is still in an "issued" status and has not been finaled.

California Department of Forestry

10. Maintain around and adjacent to such buildings or structures a fuel-break/fire break made by removing and cleaning away flammable vegetation for a minimum distance of 30 feet. Remove that dead or dying portion of any tree which extends over the any structure.

*Compliance with Condition?* Yes.

*Recommend to Retain Condition?* Yes.

11. All buildings and structures must have an address posted in such a location and in such a manner that it can be easily seen while traveling in both directions on the main road day or night. Numerals shall be contrasting in color to their background and shall be no less than 4 inches in height, and have a minimum stroke of ¾ inch.

*Compliance with Condition?* Yes.

*Recommend to Retain Condition?* Yes.

12. All proposed enclosed structures on the site shall be equipped with an approved FM 200 fire protection system or equivalent. Plans and calculations must be submitted to the San Mateo County Building Inspection Section for review and approval by the County Fire Department.

*Compliance with Condition?* Yes.

*Recommend to Retain Condition?* Yes, but modified to:

All proposed enclosed structures on the site shall be equipped with an approved FM 200 fire protection system or equivalent which shall be maintained for the duration of the Use Permit.

9

AR 0363

13.   Access must be provided from the street to the access gate at the proposed site. The access must be provided in such a manner that emergency crews can get emergency medical equipment and fire fighting equipment to the scene.

_Compliance with Condition?_  Yes.  This condition was met at the time of initial building permit for the facility and was confirmed by a site visit on September 22, 2006.

_Recommend to Retain Condition?_  Yes.

14.   The proposed wood fencing is not desirable in this area because of the fire hazard.  A metal fence with slats would be more desirable solution to protect the facility.

_Compliance with Condition?_  Yes.  This was confirmed as having been met when the initial building permit for the facility and was confirmed by a site visit on September 22, 2006.

_Recommend to Retain Condition?_  Yes, but modified to:  The metal fence with slats shall be maintained to protect this facility.

15.   A Knox Box is required at the entry gate to allow emergency personnel access to the site in case of an emergency.  Contact the County Fire Department at 650/573-3846 for details.

_Compliance with Condition?_  Yes.  No entry gate prevents entrance to the property.  The site is open and accessible at all times.

_Recommend to Retain Condition?_  Yes, but modified to:

The project site shall remain accessible at all times.  If an entry gate is installed then a Knox Box is required at the entry gate to allow emergency personnel access to the site in case of an emergency.  Contact the County Fire Department at 650/573-3846 for details.

16.   A final inspection will be required before the site can be put into use.  All project conditions which result in the issuance of a building permit will be required to be completed at that time.

_Compliance with Condition?_  Yes.  County Fire has finaled its responsibility for the building permit on June 21, 2001.

_Recommend to Retain Condition?_  No.

**AR 0364**

17. A more in-depth plan review will be conducted at the time a building permit is applied for. This has been a preliminary review and additional conditions may be placed on the project at the building permit application stage.

*Compliance with Condition?* Yes.

*Recommend to Retain Condition?* No.

E. <u>CONFORMANCE WITH USE PERMIT FINDINGS</u>

In order to continue the operation of this facility, the following Use Permit findings are necessary:

1. **Find that the establishment, maintenance and/or conducting of the use will not, under the circumstances of the particular case, be detrimental to the public welfare or injurious to property or improvements in said neighborhood.**

   The impacts from the continued operation of this facility, subject to the recommended conditions of approval, will be minimal. County staff has received no complaints regarding interference with household appliances or communications equipment resulting from the antennas.

   Because the facility is unmanned and only requires periodic service visits, continued operation of the facility should not generate additional traffic, noise, or intensity of use of the property.

2. **Find that the use is necessary for the public health, safety, convenience, or welfare.**

   The use is for telecommunication services. The FCC has established the desirability and need for wireless communications facilities to enable communication between mobile units and the existing wire-dependent telephone system. This facility contributes to an enhanced wireless network for increased clarity, range, and system capacity, and therefore is a benefit to both public and private users. The wireless network is considered necessary for public health, safety, convenience, and welfare, particularly in the case of a large scale natural disaster, such as an earthquake or wildland fire. No adverse effects to public health and safety would result from the continued operation of this facility.

## FISCAL IMPACT

None.

AR 0365

## ATTACHMENTS

A. Recommended Findings for Permit Revocation
B. Appellant's Letter of Appeal
C. Location and Vicinity Maps
D. Site Plan
E. Alternative Recommended Findings and Conditions of Approval

AR 0366

Attachment A

COUNTY OF SAN MATEO
PLANNING AND BUILDING DEPARTMENT

## RECOMMENDED FINDINGS AND REQUIRED ACTION

Permit File Number: PLN 2000-00497

Board Meeting Date: October 2, 2007

Prepared By: Michael Schaller, Senior Planner

For Adoption By: Board of Supervisors

## RECOMMENDED FINDINGS

Regarding the Use Permit Renewal, Find:

1.  That the permit holder, Sprint Spectrum L.P., has failed to comply in a timely manner with conditions of approval established in 2000. Specifically, the permit holder failed to install required landscaping and relocate a misplaced pole prior to expiration of the original Use Permit. The permit holder also failed to submit a request for permit renewal prior to the expiration date of the original permit.

2.  That the permit holder, Sprint Spectrum L.P., failed to show that alternative sites or a combination of sites could not achieve the same results as this site in question.

## REQUIRED ACTION

1.  This facility must obtain a demolition permit within 60 days of this decision and remove the facility in its entirety within 30 days of issuance of the demolition permit.

**AR 0367**

# Application to Appeal

☐ To the Planning Commission
☒ To the Board of Supervisors

## 1. Appellant Information

Name: T. Monroe Cochran

Address: 2527 Camino Ramon St. 305
San Ramon, Ca.
Zip: 94583

Phone, W: 530-383-0589 H: 925-244-1890

## 2. Appeal Information

Permit Numbers involved: PLN-2000-00497

I have read and understood the attached information regarding appeal process and alternatives.

☒ yes            ☐ no

I hereby appeal the decision of the:

☐ Staff or Planning Director
☐ Zoning Hearing Officer
☐ Design Review Committee
☒ Planning Commission

made on June 13 20 07 to approve/deny the above-listed permit applications.

Appellant's Signature:

_T. Monroe Cochn_

Date: 6/19/2007

## 3. Basis for Appeal

Planning staff will prepare a report based on your appeal. In order to facilitate this, your precise objections are needed. For example: Do you wish the decision reversed? If so, why? Do you object to certain conditions of approval? If so, then which conditions and why?

I wish the decision of the planning commission reversed because the commission had recomendations from the planning department before it which upheld all requirements of approval for the renewal of an existing use permit. This permit allowed Sprint PCS to build and operate a very critical cellular communications facility on property located at 1175 Palomar Dr., Redwood City Ca. This location had an existing PACBELL/CINGULAR/AT&T facility already, and Sprint showed the necessity of using this location to Provide service to an area where service was poor or non-existant.

ATTACHMENT B

AR 0368



ATTACHMENT C

San Mateo County Board of Supervisors' Meeting

Applicant:

File Numbers:

AR 0369



# Vicinity Map

**San Mateo County Board of Supervisors' Meeting**

Owner/Applicant: Sprint

File Numbers: PLN 2000-00497

ATTACHMENT C

PROJECT PARCEL

# Enlarged Site Plan

ATTACHMENT D



## San Mateo County Board of Supervisors' Meeting

Owner/Applicant:  **Sprint**

File Numbers:    **PLN 2000-00497**

AR 0371



**Landscape Site Plan**

ATTACHMENT D

San Mateo County Board of Supervisors' Meeting

Owner/Applicant: *Sprint*

File Numbers: **PLN 2000-00497**

AR 0372

Attachment E

COUNTY OF SAN MATEO
PLANNING AND BUILDING DEPARTMENT

## ALTERNATIVE RECOMMENDED FINDINGS AND CONDITIONS OF APPROVAL

Permit File Number:  PLN 2000-00497

Board Meeting Date:  October 2, 2007

Prepared By:  Michael Schaller, Senior Planner

For Adoption By:  Board of Supervisors

## ALTERNATIVE RECOMMENDED FINDINGS

For the Environmental Review, Find:

1.   That this project is exempt from environmental review pursuant to the California Environmental Quality Act (CEQA), Section 15301, Class 1, relating to operation or permitting of existing private structures or facilities involving no expansion of use.

For the Use Permit, Find:

2.   That the establishment, maintenance, and conducting of the proposed use will not, under the circumstances of the particular case, result in a significant adverse impact, or be detrimental to the public welfare or injurious to property or improvements in said neighborhood.  The impacts from the continued operation of this facility, subject to the recommended conditions of approval, will be minimal.  County staff has received no complaints regarding interference with household appliances or communications equipment resulting from the antennas.  Because the facility is unmanned and only requires periodic service visits, continued operation of the facility should not generate additional traffic, noise, or intensity of use of the property.

3.   That the approval of this cellular telecommunications addition is necessary for the public health, safety, convenience or welfare.  The use is for telecommunication services.  The FCC has established the desirability and need for wireless communications facilities to enable communication between mobile units and the existing wire-dependent telephone system.  This facility contributes to an enhanced wireless network for increased clarity, range, and system capacity, and therefore is a benefit to both public and private users.  The wireless network is considered necessary for public health, safety, convenience, and welfare, particularly in the case of a large-scale natural disaster, such as an earthquake or wildland fire.  No adverse effects to public health and safety will result from the continued operation of this facility.

**AR 0373**

# ALTERNATIVE RECOMMENDED CONDITIONS OF APPROVAL

## Planning Department

1. This approval applies only to the proposal as described in this report and plans and documents submitted to the Planning Department on July 14, 2000. Minor adjustments to the project in the course of applying for building permits may be approved by the Community Development Director if they are consistent with the intent of and in substantial conformance with this approval.

2. The applicant shall complete all aspects of the open building permit (BLD 2000-01628), including relocation of the antenna pole, within 4 months of Use Permit Renewal.

3. This Use Permit shall be valid for a 10-year period and shall expire on October 2, 2017. The applicant shall file for a renewal of this permit six months prior to the expiration with the County Planning and Building Department, if continuation of this use is desired. Any modifications to this facility will require a Use Permit amendment. If an amendment is requested, the applicant shall submit the necessary documents and fees for consideration at a public hearing.

4. The monopoles and antennas shall be repainted in the originally approved and painted color, "enviro-green." Metal fencing with green plastic slats shall be maintained in good condition. Any proposed change to the color shall be reviewed and approved by the Planning Department prior to painting. Any new color proposed shall blend with the character of the site and the vegetation in the vicinity.

5. Construction hours shall be Monday through Friday 7:00 a.m. to 6:00 p.m., Saturday 9:00 a.m. to 5:00 p.m., and no construction will be allowed on Sundays or national holidays.

6. Noise levels produced by the proposed construction activity shall not exceed 80 dBA level at any one moment.

7. The installation shall be removed in its entirety at that time when this technology becomes obsolete or this facility is no longer needed.

8. The applicant shall submit an erosion control plan which implements best management practices to prevent erosion and sedimentation during the entire construction process prior to building permit issuance. The plan shall include, but is not limited to: (1) installation of silt blankets and fiber rolls below all areas of earth clearing, (2) covering of surcharges for protection from rain and wind erosion, and (3) replanting all disturbed areas immediately upon completion of construction with indigenous vegetation.

AR 0374

9. During project construction, the applicant shall, pursuant to Section 5022 of the San Mateo County Ordinance Code, minimize the transport and discharge of stormwater runoff from the construction site into storm drain systems and water bodies by:

   a. Disposing of removed soil in a County approved landfill, or by spreading the soil in the immediate vicinity employing the above erosion control techniques at a depth not to exceed 6 inches in height.

   b. Stabilizing all denuded areas and maintaining erosion control measures continuously between October 15 and April 15.

   c. Removing spoils promptly and avoiding stockpiling of fill materials when rain is forecast. If rain threatens, stockpiled soils and other materials shall be covered with a tarp or other waterproof material.

   d. Storing, handling, and disposing of construction materials and wastes so as to avoid their entry to the storm drain system or water body.

   e. Avoid cleaning, fueling or maintaining vehicles on-site, except in an area designated to contain and treat runoff.

   f. The applicant shall revegetate construction areas with native plant materials (trees, shrubs, and/or groundcover), which are compatible with the surrounding vegetation and are suitable to the climate, soil, and ecological characteristics of the area.

## California Department of Forestry

10. Maintain, around and adjacent to, such buildings or structures, a fuel-break/fire break made by removing and clearing away flammable vegetation for a minimum distance of 30 feet. Remove that dead or dying portion of any tree which extends over any structure.

11. All buildings and structures must have an address posted in such a location and in such a manner that it can be easily seen while traveling in both directions on the main road day or night. Numerals shall be contrasting in color to their background and shall be no less than 4 inches in height, and have a minimum stroke of ¾ inch.

12. All proposed enclosed structures on the site shall be equipped with an approved FM 200 fire protection system or equivalent which shall be maintained for the duration of the Use Permit.

13. Access must be provided from the street to the access gate at the proposed site. The access must be provided in such a manner that emergency crews can get emergency medical equipment and fire fighting equipment to the scene.

AR  0375

14.   The existing metal fence with slats shall be maintained to protect the facility.

15.   The project site shall remain accessible at all times.  If an entry gate is installed then a Knox Box is required at the entry gate to allow emergency personnel access to the site in case of an emergency.  Contact the County Fire Department at 650/573-3846 for details.

AR 0376