# Zoning Regulations





## Environmental Services Agency
### Planning and Building Division • San Mateo County • California

AR 0625

policyzorf  06/1/98 pg. 3
revised 9/26/02

# SAN MATEO COUNTY ZONING REGULATIONS

(Parts One and Five - Sections 6100 through 6999 and Sections 7800 through 7880)

## 1999 EDITION

In 1933, San Mateo County pub'' ed its first Zoning Ordinance (No. 400) which continued in force, being amended from time to time until a completely revised Zoning Ordinance was adopted in 1957 (No. 1206). It is this ordinance, as amended since 1957, which is here republished. This edition incorporates all amendments to the Zoning Regulations adopted through July 1999.

Generally, citations for ordinance amendments can be found listed in parentheses at the end of each chapter. Original ordinance documents are available through the San Mateo County Clerk of the Board of Supervisors. Such documents may also be viewed at the Planning and Building Division offices in Redwood City.

As new amendments are adopted by the San Mateo County Board of Supervisors, new pages will be printed to be inserted into this set. Such pages will be marked by page number and a date and will be placed at the bottom of the page to signify when the page was prepared and to which change unit it belongs. As changes are made from time to time, they will be available for sale at the San Mateo County Planning and Building Division offices in Redwood City.

## SUBSCRIPTION SERVICE

An optional subscription service is available for securing changes to documents published by the Division. In order to avail yourself of this subscription service, please inquire at the address below, or telephone the offices of the Division.

County of San Mateo
Planning and Building Division
455 County Center, Second Floor
Redwood City, CA 94063

TP (650) 363-4161
FAX (650) 363-4849

## INTERNET SERVICE

This edition of the County Zoning Regulations is also available on the County Planning and Building Division's website. As new amendments are adopted by the San Mateo County Board of Supervisors, new pages will be posted on the website indicated below:

http://www.co.sanmateo.ca.us/planning

AR 0626

SAN MATEO COUNTY
ENVIRONMENTAL SERVICES AGENCY
PLANNING AND BUILDING DIVISION

# ZONING REGULATIONS

## TABLE OF CONTENTS

| CHAPTER | SUBJECT | BEGINNING SECTION | PAGE NO. |
|---------|---------|-------------------|----------|
| **PART ONE:** | **ZONING** | | |
| Chapter 1 | General Provisions | 6100 | 1.1 |
| | *Definitions* | 6102 | 1.1 |
| | *Establishment of Zoning Administrator* | 6104 | 1.18 |
| Chapter 1.5 | Legal Lot Requirement and Zoning and Building Violations | 6105.0 | 1.5.1 |
| Chapter 2 | Districts | 6110 | 2.1 |
| Chapter 3 | Parking | 6117 | 3.1 |
| | *General Requirements* | 6118 | 3.1 |
| | *Parking Spaces Required* | 6119 | 3.3 |
| | *Exceptions* | 6120 | 3.5 |
| | *Parking Areas, Development and Maintenance* | 6121 | 3.6 |
| Chapter 4 | Zoning Nonconformities | 6130 | 4.1 |
| | *Definitions* | 6132 | 4.1 |
| | *Non-Conforming Parcels* | 6133 | 4.3 |
| | *Non-Conforming Uses* | 6134 | 4.5 |
| | *Non-Conforming Structures* | 6135 | 4.7 |
| | *Non-Conforming Situations* | 6136 | 4.8 |
| | *Exceptions* | 6137 | 4.9 |

i

AR 0627

| CHAPTER | SUBJECT | BEGINNING SECTION | PAGE NO. |
|---|---|---|---|
| Chapter 5 | "R-E" (Residential Estates District) | 6150 | 5.1 |
| Chapter 6 | "R-1" (One-Family Residential District) | 6160 | 6.1 |
| Chapter 6.1 | "R-1/CCP" (One-Family Residential/Country Club Park District) | 6163.1 | 6.1.1 |
| Chapter 7 | "R-2" (Two-Family Residential District) | 6170 | 7.1 |
| Chapter 8 | "R-3" (Multiple-Family Residential District) | 6180 | 8.1 |
| Chapter 8.5 | "R-3-A" (Affordable Housing District) | 6182 | 8.5.1 |
| Chapter 9 | "PUD" (Planned Unit Development District) | 6190 | 9.1 |
| Chapter 10 | "A-1" (Agricultural District) | 6200 | 10.1 |
| Chapter 11 | "A-2" (Exclusive Agricultural District) | 6210 | 11.1 |
| Chapter 12 | "A-3" (Floricultural District) | 6220 | 12.1 |
| Chapter 12.5 | "COSC" (Community Open Space Conservation District) | 6225 | 12.5.1 |
| Chapter 13 | "P" (Parking District) | 6230 | 13.1 |
| Chapter 14 | "H-1" (Limited Highway Frontage District) | 6240 | 14.1 |

AR 0628

| CHAPTER | SUBJECT | BEGINNING SECTION | PAGE NO. |
|---|---|---|---|
| Chapter 14.5 | "O" (Office District) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 6245 | 14.5.1 |
| Chapter 15 | "C-1" (Neighborhood Business District) . . . . . . . . . . . | 6250 | 15.1 |
| | C-1/NFO (North Fair Oaks) . . . . . . . . . . . . . . . . . . . | 6253 | 15.5 |
| | C-1/WMP (West Menlo Park) . . . . . . . . . . . . . . . . . . . | 6254 | 15.16 |
| Chapter 15.1 | "E" (Entertainment Overlay District) . . . . . . . . . . . . . | 6255 | 15.1.1 |
| Chapter 16 | "C-2" (General Commercial District) . . . . . . . . . . . . | 6260 | 16.1 |
| | C-2/NFO (North Fair Oaks) . . . . . . . . . . . . . . . . . . . . | 6263 | 16.5 |
| Chapter 16.5 | "CCR" (Coastside Commercial Recreation District) . . | 6265 | 16.5.1 |
| Chapter 17 | "M-1" (Light Industrial District) . . . . . . . . . . . . . . . . . | 6270 | 17.1 |
| | M-1/NFO (North Fair Oaks) . . . . . . . . . . . . . . . . . . . . | 6276 | 17.12 |
| | M-1/Edison/NFO (Edison Way/North Fair Oaks) . . . . . . . | 6277 | 17.29 |
| Chapter 18 | "M-2" (Heavy Industrial District) . . . . . . . . . . . . . . . . | 6280 | 18.1 |
| Chapter 18.5 | "W" (Waterfront District) . . . . . . . . . . . . . . . . . . . . . . . | 6285 | 18.5.1 |
| Chapter 18.6 | "A-O" (Airport Overlay District) . . . . . . . . . . . . . . . . . | 6288 | 18.6.1 |
| Chapter 19 | "I/NFO" (Institutional/North Fair Oaks District) . . . . . . | 6290 | 19.1 |
| Chapter 19.5 | "GH" (Geologic Hazard District) . . . . . . . . . . . . . . . . | 6295 | 19.5.1 |

iii

AR 0629

| CHAPTER | SUBJECT | BEGINNING SECTION | PAGE NO. |
|---|---|---|---|

| Chapter 20 | "S" (Combining Districts) | 6300 | 20.1 |
| | Table 1 (S-1 - S-13, S-17 Combining Districts) | 6300 | 20.1 |
| | Lot Slope Regulations (S-11 and S-12) | 6300.1 | 20.2 |
| | "S-17" Combining District (Mid-Coast) | 6300.2 | 20.4 |
| | "S-50" Combining District (North Fair Oaks) | 6300.12 | 20.9 |
| | "S-71" Combining District (Devonshire) | 6300.3 | 20.11 |
| | "S-72" Combining District (West Menlo Park) | 6300.4 | 20.14 |
| | "S-73" Combining District (North Fair Oaks) | 6300.4.13 | 20.24 |
| | "S-82" Combining District (West Menlo Park) | 6300.5 | 20.27 |
| | "S-90" Combining District (Menlo Oaks) | 6300.6 | 20.37 |
| | "S-91" Combining District (Palomar Park) | 6300.7 | 20.39 |
| | "S-92" Combining District (West Menlo Park) | 6300.8 | 20.42 |
| | "S-93" Combining District (North Fair Oaks) | 6300.9.11 | 20.52 |
| | "S-94" Combining District (Mid-Coast) | 6300.9.11.10 | 20.55 |
| | "S-95" Combining District (Ladera) | 6300.9.11.100 | 20.55 |
| | "S-100" Combining District (Menlo Oaks) | 6300.9 | 20.64 |
| | "S-101" Combining District (Palomar Park) | 6300.10 | 20.66 |
| | "S-102" Combining District (Devonshire) | 6300.11 | 20.69 |
| | "S-104" Combining District (ladera) | 6300.13.00 | 20.72 |
| | "S-105" Combining District (Mid-Coast) | 6300.14.00 | 20.78 |
| | "S-106" Combining District (Ladera) | 6300.15.00 | 20.82 |
| | "S-110" Combining District (Ladera) | 6300.19.00 | 20.87 |
| Chapter 20A | "RM" (Resource Management District) | 6310 | 20A.1 |
| | Permitted Uses | 6315 | 20A.3 |
| | Maximum Height | 6319A | 20A.8 |
| | Minimum Yards | 6319B | 20A.8 |
| Chapter 20A.1 | Repealed | | |
| Chapter 20A.2 | Development Review Criteria | 6321 | 20A.2.1 |
| Chapter 20B | "CD" (Coastal Development District) | 6328 | 20B.1 |
| | Exemptions | 6328.5 | 20B.4 |
| | Application Requirements | 6328.7 | 20B.8 |
| | Findings (of Approval) | 6328.15 | 20B.15 |
| | Appeals | 6328.16 | 20B.16 |
| Chapter 21 | Special Setback Lines | 6330 | 21.1 |

AR 0630

| CHAPTER | SUBJECT | BEGINNING SECTION | PAGE NO. |
|---|---|---|---|
| Chapter 21A | "PAD" (Planned Agricultural District) | 6350 | 21A.1 |
| | Uses Permitted (Without a PAD Permit) | 6352 | 21A.4 |
| | Uses Permitted Subject to the Issuance of a PAD Permit | 6353 | 21A.5 |
| | Criteria for PAD Permit Issuance | 6355 | 21A.7 |
| | Maximum Density of Development | 6356 | 21A.10 |
| | Density Bonus and Transfer | 6357 | 21A.14 |
| | Maximum Height | 6358 | 21A.17 |
| | Maximum Yards | 6359 | 21A.17 |
| | Parcel Size | 6360 | 21A.17 |
| Chapter 21B | "PC" (Planned Colma District) | 6370 | 21B.1 |
| | General Parking Requirements | 6375 | 21B.9 |
| | General Sign Requirements | 6377 | 21B.13 |
| | High Density Residential Designation | 6380 | 21B.15 |
| | Medium High Density Residential Designation | 6381 | 21B.21 |
| | Low Density Residential Designation | 6382 | 21B.25 |
| | Neighborhood Commercial | 6383 | 21B.27 |
| | Institutional Designation | 6354 | 21B.31 |
| | Transportation Facilities Designation | 6385 | 21B.34 |
| | Required Parking | Table 1 | 21B.35 |
| Chapter 22 | General Provisions and Exceptions | 6400 | 22.1 |
| | Accessory Uses in Any "R" Districts | 6400 | 22.1 |
| | Large Family Day Care Homes | 6401.2 | 22.3 |
| | Height | 6402 | 22.7 |
| | Yards | 6406 | 22.8 |
| | Accessory Buildings, Attached | 6409 | 22.9 |
| | Accessory Buildings, Detached | 6410, 6411 | 22.9 |
| | Fences, Walls, Hedges | 6412 | 22.11 |
| | Fence Height Exception | 6412.2 | 22.11 |
| | Major Development Pre-Application Procedures | 6415 | 22.14 |
| Chapter 22.5 | Second Dwelling Units | 6425 | 22.5.1 |
| Chapter 23 | Development Review Procedure | 6450 | 23.1 |
| | Minor Development Review Procedure | 6458 | 23.6 |

AR 0631

| CHAPTER | SUBJECT | BEGINNING SECTION | PAGE NO. |
|---|---|---|---|
| Chapter 24 | Use Permits | 6500 | 24.1 |
|  | *Topsoil Sites* | 6502 | 24.5 |
|  | *Procedure* | 6503 | 24.6 |
|  | *Revocation of Use Permits* | 6505 | 24.8 |
| Chapter 25 | Variances and Home Improvement Exceptions | 6530 | 25.1 |
|  | *Variance Findings* | 6534.1 | 25.4 |
|  | *Home Improvement Exception Findings* | 6534.2 | 25.4 |
| Chapter 26 | Repealed |  |  |
| Chapter 27 | Amendments | 6550 | 27.1 |
| Chapter 28 | Architectural Supervision | 6560 | 28.1 |
| Chapter 28.1 | "DR" (Design Review District) |  |  |
|  | *Outside of the Coastal Zone* | 6565.1 | 28.1.1 |
|  | *Inside of the Coastal Zone* | 6565.1 | 28.1.1 (coastal) |
| Chapter 29 | Repealed |  |  |
| Chapter 30 | Form of Petitions, Applications and Appeals | 6580 | 30.1 |
| Chapter 31 | Enforcement, Legal Procedure, Penalties | 6590 | 31.1 |
| Chapter 31.5 | Administrative Fines | 6596 | 31.5.1 |
| Chapter 32 | Height of Structures and Use of Airspace Near Half Moon Bay Airport | 6600 | 32.1 |

AR 0632

| CHAPTER | SUBJECT | BEGINNING SECTION | PAGE NO. |
|---|---|---|---|
| Chapter 33 | Height of Structures and Use of Airspace Near San Carlos Airport | 6620 | 33.1 |
| Chapter 34 | "TPZ" (Timberland Preserve Zone) | 6700 | 34.1 |
| Chapter 34A | Zoning, Rezoning, Land Division in the Timberland Preserve Zone | 6720 | 34A.1 |
| Chapter 34B | Land Management Planning Requirements for Uses and Permits in the Timberland Preserve Zone | 6750 | 34B.1 |
| Chapter 35 | "RH" (Residential Hillside District) | 6800 | 35 |
| Chapter 35.5 | Flood Hazard Areas | 6820 | 35.5.1 |
| Chapter 36 | "RM-CZ" (Resource Management-Coastal Zone) | 6900 | 36.1 |
| | Permitted Uses | 6905 | 36.3 |
| | Maximum Height | 6908A | 36.10 |
| | Minimum Yards | 6908B | 36.10 |
| Chapter 36A.1 | Repealed | | |
| Chapter 36A.2 | Development Review Criteria | 6910 | 36A.2 |
| Chapter 37 | "TPZ-CZ" (Timberland Preserve Zone-Coastal Zone) | 6950 | 37.1 |
| Chapter 37A | Zoning, Rezoning, Land Division in the Timberland Preserve Zone-Coastal Zone | 6954 | 37A.1 |

AR 0633

| CHAPTER | SUBJECT | BEGINNING SECTION | PAGE NO. |
|---|---|---|---|
| Chapter 37B | Land Management Planning Requirements for Uses and Permits in the Timberland Preserve Zone | 6963 | 37B.1 |
| **PART TWO:** | **SUBDIVISION REGULATIONS, ORDINANCE NO. 3366, CHAPTERS 1 THROUGH 11, SECTIONS 7000 THROUGH 7135** | | (Not Included) |
| **PART THREE:** | **STREETS AND HIGHWAYS, ORDINANCE NO. 425, NOT CODIFIED** | | (Not Included) |
| **PART FOUR:** | **MISCELLANEOUS REGULATIONS (STABLES, SURFACE MINING, OIL AND GAS, TOPSOIL)** | | (Not Included) |
| **PART FIVE:** | **CONSOLIDATED ROAD IMPROVEMENT REQUIREMENTS FOR PUBLIC AND PRIVATE ROADS IN THE SKYLINE AREA** | | |
| Chapter 1 | General Provisions | 7800 | 1 |
| Chapter 2 | Definitions | 7810 | 2 |
| Chapter 3 | Road Improvement Requirements for County Public Roads | 7840 | 4 |
| Chapter 4 | Road Improvement Requirements for Private Roads | 7860 | 7 |
| Chapter 5 | Exceptions | 7880 | 10 |

JKE:fc - JKEI1350.6FR
(7/30/99)

**AR 0634**

# CHAPTER 1.5.  LEGAL LOT REQUIREMENT AND ZONING AND BUILDING VIOLATIONS

**SECTION 6105.0.  LEGAL LOT REQUIREMENT**.  No permit for development shall be issued for any lot which is not a legal lot.  For purposes of this ordinance, development does not include non-structural uses of property including but not limited to roads, fences or water wells.

**SECTION 6105.1.  ZONING AND BUILDING VIOLATION**.  Except as provided in Sections 6105.2 and 6105.3 below, no permit for development shall be issued for any lot that has an existing zoning or building violation.

**SECTION 6105.2.  PRELIMINARY DETERMINATION OF VIOLATION BY PLANNING DIRECTOR OR CHIEF BUILDING OFFICIAL**.

(a)     When an application for a permit for development, other than a building permit, is submitted, the Planning Director shall make a preliminary determination as to whether any building or zoning violations are present on the lot for which the permit is sought.  When an application for a building permit is submitted, the Chief Building Official shall make a preliminary determination as to whether any building or zoning violations exist on the lot for which the permit is sought.

(b)     If the Planning Director or Chief Building Official finds that there is evidence that a building or zoning violation exists on the lot, he or she shall issue a Notice of Preliminary Determination of Violation by first class mail to the record owner of the lot and the applicant specifying with particularity the violations on the lot.  The notice shall provide a thirty (30) day period for the owner and/or applicant to submit, in writing, any information which may bear on the determination of the existence or non-existence of a violation on the lot.

(c)     The Planning Director or Chief Building Official, as appropriate, shall consider any information submitted by the owner and/or the applicant, and make a final staff determination as to whether any building or zoning violation exists on the lot for which the permit is sought.  If the Planning Director or Chief Building Official determines that there is insufficient evidence to establish that such violation exists, the owner and applicant shall be so informed in writing.  If the Planning Director or Chief Building Official determines that there is sufficient evidence that such a violation exists, a Notice of Staff Determination of Violation shall be issued by first class mail to the record owner of the lot and the applicant specifying with particularity the violations on the lot.  The notice shall also state that the existence of a building or zoning violation on the lot may serve as the basis to deny any permit or permits for development on the lot.

AR 0635

(d)     In those instances where the Planning Director or Chief Building Official deter-mines that the violation or violations are minor in nature, and do not represent a threat to the health or safety of persons or property, he or she may, in lieu of issuing a Notice of Staff Determination of Violation, elect to address the violation in any other manner authorized by other provisions of this Code.

(e)     A determination by the Planning Director or Chief Building Official that there is insufficient evidence to establish that a violation exists on the lot shall not be conclusive, and shall not preclude the County from exercising any authority it otherwise has to abate any subsequently discovered building or zoning violation on the lot.

(f)     Notwithstanding other provisions of this section, in the event that the applicant for a permit demonstrates to the satisfaction of the Planning Director or Chief Building Official that (1) he or she is the owner of a property right in the lot for which the permit is sought, separate and apart from a fee interest in the lot, (2) the granting of the permit being sought will further such property right, (3) the violation or violations do not relate to such property interest, and (4) the applicant is not responsible, directly or indirectly, for the violation(s), the application may be considered and approved notwithstanding the presence of the violation(s).

## SECTION 6105.3. DETERMINATION OF VIOLATION BY DECISION MAKER.

(a)     In all instances where the Planning Director or the Chief Building Official has made a determination that a violation exists on a lot proposed for development, and has issued a Notice of Staff Determination of Violation, any hearing held to consider whether to grant or deny the permit for development shall include consideration of whether such violation exists, as set forth in this section. In those instances where a hearing on a permit to develop would not otherwise be required by any other provision of this Code, a hearing shall be held as follows:

   (1)   If the permit is normally issued by the Planning Director without a hearing, a hearing shall be held by the Zoning Hearing Officer. The Zoning Hearing Officer shall consider all issues relevant to a decision on the permit de novo. Notice and an opportunity for the applicant and owner to be heard shall be provided in the same manner as any other proceeding before the Zoning Hearing Officer.

   (2)   If the permit is normally issued by the Chief Building Official, a hearing shall be held before the Board of Building Permit Appeals. The hearing before the Board of Building Permit Appeals shall be limited to the question of whether the building permit should be issued or denied because of the presence of a building or zoning violation or violations on the lot. Notice and an opportunity for the applicant and owner to be heard shall be

**AR 0636**

provided in the same manner as any other proceeding before the Board of Building Permit Appeals.

(b)    At any hearing held to determine whether a permit for development should be granted or denied, the decision maker shall consider whether or not a building or zoning violation is present on the lot. In addition to any other standards of review, findings, or other determinations applicable to the consideration of a permit for development, the presence of a zoning or building violation on a lot proposed for development may provide the basis for denying a permit for development on that lot. If the decision maker determines that a violation or violations exist, the decision maker shall deny the permit or permits, or alternatively may approve the permit or permits after granting a waiver under subsections (c), (d), (e) or (f) below.

(c)    Notwithstanding any other provisions of this Chapter, if the applicant or owner of the lot establishes, to the satisfaction of the decision maker, (1) that the violation was not caused by the applicant and/or current owner of the lot, and (2) that the violation occurred without the knowledge of the applicant and/or current owner of the lot, the decision maker may waive the requirement that the violation be abated as a precondition to approving the permit for development. If such a waiver is granted, the applicant and/or owner shall be required to correct the outstanding building and/or zoning violation at the same time as the applicant undertakes the proposed development, and no final inspection or certificate of occupancy shall be issued until the violation is corrected.

(d)    Notwithstanding any other provisions of this Chapter, if the applicant or owner of the lot establishes, to the satisfaction of the decision maker, that the develop-ment for which a permit is sought is necessary to protect the health or safety of persons or property, the decision maker may waive the requirement that the violation be abated as a precondition to approving the permit for development. If such a waiver is granted, the applicant and/or owner shall be required to correct any outstanding building and/or zoning violations either at the same time as the applicant undertakes the approved development, or immediately thereafter.

(e)    Notwithstanding any other provisions of this Chapter, the decision maker may waive the requirement that a violation be corrected as a precondition to approving a permit for development if the decision maker determines that (1) the violation is minor in nature, and (2) the violation was not caused by, or with the knowledge of, the current owner or the applicant for development. Any waiver granted under this subsection shall not act as a waiver of any other remedy the County has under any other provision of law.

(f)    Notwithstanding any other provisions of this Chapter, the decision maker may waive the requirement that a violation be corrected as a precondition to approving a permit for development if the applicant or owner establishes, to the satisfaction of the decision maker, (1) that the violation was not caused by or

1.5.3

AR 0637

with the knowledge of the applicant and/or current owner of the lot, or if caused by the applicant and/or current owner, was caused without knowledge that it constituted a violation; and (2) that the applicant and/or owner has taken substantial steps to abate the violation, and obtained any necessary permits to do so.  If such a waiver is granted, the applicant and/or owner shall be required to continue to correct the outstanding building and/or zoning violation at the same time as the applicant undertakes the proposed development, and no final inspection or certificate of occupancy shall be issued until the violation is corrected.

(g)     A decision on a development permit which does not include a determination that a building or zoning violation exists on the lot shall not be conclusive on the issue of whether any violation actually exists on the lot.  The County may exercise any authority it otherwise has to abate any subsequently discovered building or zoning violation on the lot.

## SECTION 6105.4.  DEFINITIONS.

(a)     For purposes of this Chapter, "permit for development" means any permit issued under the provisions of Division VI (Planning) or Division VII (Building Regulations) of this Code.

(b)     For purposes of this Chapter, "lot" means any lot established as legal pursuant to the State Subdivision Map Act, the County's Subdivision Regulations, or any prior law regulating the creation of lots for development, and shall include a lot for which development has been previously approved by the County.

(c)     For purposes of this Chapter, "Planning Director" shall include any employee of the Planning and Building Division delegated the authority to review, investigate and make recommendations with respect to permits to develop.

(d)     For purposes of this Chapter, "decision maker" means the individual or body designated by the zoning or building regulations to hear a specified permit for development, and any body designated to hear an appeal of a decision on a permit for development.

(Chapter 1.5 - Added by Ordinance No. 3776 - June 17, 1997)

JKE:fc - JKEI1215.6FR
(7/12/99)

AR 0638

# CHAPTER 24.  USE PERMITS

**SECTION 6500.  WHEN MAY BE ISSUED**.  Use permits, conditional use permits, revocable use permits, and use permits valid for a term of one year, may be issued for any of the following:

(a)    Any of the uses or purposes for which such permits are required or permitted by the provisions of this Part.

(b)    Location of electric power, gas, water and oil lines; public utility or public service uses or public buildings in any district when found to be necessary for the public health, safety, convenience or welfare, except that a use permit shall not be required for local distribution lines.

(c)    Location of the following uses in any district outside the Coastal Zone, except the R-1/CCP District, when found to be necessary for the public health, safety, convenience or welfare:

　　　1.    Airport

　　　2.    Cemetery

　　　3.    Hospital

　　　4.    Rest Home

　　　5.    Sanitarium

　　　6.    Institution of a philanthropic or charitable nature

　　　7.    Quarries subject to the provisions of Section 7702

　　　8.    Topsoil sites subject to the provisions of Section 6502

　　　9.    Waste disposal sites and large collection facilities for recyclable materials

　　　10.    Directional signs subject to standards as established by the Planning Commission

　　　11.    Golf Courses

　　　12.    Small boat harbors with related facilities

　　　13.    The keeping of domestic livestock or farm animals in conjunction with 4-H or similar projects on parcels of land not less than one acre in size

AR 0639

14. Roadside stand, for a period of one year, subject to annual review and reapplication, in a district where it is not otherwise permitted, not to exceed four hundred (400) square feet in floor area for the sale of agricultural products grown on the premises, or elsewhere within San Mateo County by the operator or members of his immediate family:  provided the following findings can be made:

    a.    That the use is not in conflict with the County General Plan.

    b.    That the character of the surrounding area will not be adversely affected by the stand itself or by its secondary impacts.

    c.    That there are exceptional circumstances requiring the placement of the stand in the district in question rather than in an RM, C-1, or C-2 District.

(d)    Location of the following uses in any district, within the Urban Areas of the Coastal Zone, when found to be necessary for the public health, safety, convenience or welfare:

1.    Hospital

2.    Rest Home

3.    Sanitarium

4.    Institution of a philanthropic or charitable nature

5.    Directional signs for public information purposes only (i.e., hospitals, schools, park locations, etc.).  Signs shall be distinctive in their design, easy to understand, and uniform in format

6.    The keeping of domestic livestock or farm animals in conjunction with 4-H or similar projects on parcels of land not less than one acre in size

7.    Roadside stand, for a period of one year, subject to annual review and reapplication, in a district where it is not otherwise permitted, not to exceed four hundred (400) square feet in floor area, for the sale of agricultural projects grown on the premises or elsewhere within San Mateo County by the operator or members of his immediate family, provided the following findings can be made:

    a.    That the character of the surrounding area will not be adversely affected by the stand itself or by its secondary impacts;

AR 0640

b.   That there are exceptional circumstances requiring the placement of the stand in the district in question rather than in an RM, C-1, or C-2 District.

(e)   Location of the following uses in any district, within the Rural Areas of the Coastal Zone, when found to be necessary for public health, safety, convenience or welfare:

1.   Directional signs for public information purposes only (i.e., hospitals, schools, park locations, etc.). Signs shall be distinctive in their design, easy to understand, and uniform in format.

2.   The keeping of domestic livestock or farm animals in conjunction with 4-H or similar projects on parcels of land not less than one acre in size.

3.   Roadside stand, for a period of one year, subject to annual review and reapplication, in a district where it is not otherwise permitted, not to exceed four hundred (400) square feet in floor area for the sale of agricultural projects grown on the premises, or elsewhere within San Mateo County by the operator or members of his immediate family, provided the following findings can be made:

a.   That the character of the surrounding area will not be adversely affected by the stand itself or by its secondary impacts;

b.   That there are exceptional circumstances requiring the placement of the stand in the district in question rather than in an RM, C-1, or C-2 District.

(f)   Additional Requirements in the Coastal Zone.  Use Permits issued in the Coastal Zone will be subject to the hearing, notification, and appeal requirements outlined in Sections 6328.10, 6328.11, and 6328.16 of the Coastal Development District regulations.  Approved uses in the Coastal Zone shall be consistent with the policies and standards of the San Mateo County Local Coastal Program.

(g)   Uses in Historic Structures and Districts.  Location of uses not allowed by the zoning district regulations but determined by the Planning Commission to be compatible in structures listed in the National Register of Historic Places, or County Historic Landmarks and/or Historic Districts as designated by Division VI, Part Four of the County Ordinance Code and subject to the permit requirements of that Chapter and, in the Coastal Zone, also subject to the permit requirements of Chapter 20B (Coastal Development District).

1.   The Historic Resources Advisory Board shall review all applications and report to the Planning Commission prior to its public hearing on the

24.3

AR 0641

compatibility and appropriateness of the use in the historic landmark and/or historic district.

2. The Planning Commission shall make the following findings prior to approving any permit:

    a. The use will contribute to the preservation of the historic landmark.

    b. The use is compatible with the design of the structure and will not require alterations which will destroy or alter its historic character.

    c. The use is compatible with surrounding land use and the character of the area.

    d. It is demonstrated that the impacts of the use on the surrounding area, including noise and traffic, can be mitigated.

    e. The use is not detrimental to the public health, safety, or welfare.

3. In the Coastal Zone, the Planning Commission shall make the following additional findings prior to approving any permit:

    a. In rural areas (as designated in LCP Policy 1.7):

        (1) Density of use shall not exceed that permitted under Policy 1.8(b) of the San Mateo County Local Coastal Program.

        (2) Water use for the permitted use shall not exceed that provided for under "priority uses" in Policy 1.8(c) of the San Mateo County Local Coastal Program. Priority uses are allocated a maximum daily water use of 615 gallons per density credit.

        (3) Uses allowed shall be limited to the following: (a) single-family residential, (b) multiple-family residential, (c) schools, public and private, (d) libraries, (e) community centers, (f) conference centers, (g) clubs, public and private, (h) professional offices, (i) art galleries, (j) art studios, (k) museums, (l) shops and boutiques, (m) book stores, country inns and hotels, and (n) restaurants and cafes, bars.

    b. In urban areas (as designated in LCP Policy 1.4):

        (1) Uses allowed shall be limited to the following: (a) single-family residential, (b) multiple-family residential, (c) schools, public and private, (d) libraries, (e) community centers, (f) conference centers, (g) clubs, public and private, (h) professional offices, (i)

24.4

**AR 0642**

art galleries, (j) art studios, (k) museums, (l) shops and boutiques, (m) book stores, country inns and hotels, and (n) restaurants and cafes, bars.

c.    The use is consistent with the resource protection policies of the San Mateo County Local Coastal Program.

## SECTION 6502. TOPSOIL SITES.

(a)    Topsoil sites may be operated in any portion of the County subject to the securing of an annual use permit and subject to the posting of a corporate surety bond, the amount to be determined by the San Mateo County Engineer and approved by the Planning Commission for the faithful performance of the conditions of the permit.

(b)    The provisions of Sections 7701.3, 7701.4, and 7701.5 of the San Mateo County Ordinance Code shall apply to all topsoil site applications.

(c)    General regulations for topsoil sites.

1.    Erosion Control

The depth of topsoil left on the site shall comply with the conditions of each permit.

Topsoil shall not be removed from slopes steeper than those specified in any permit.

The topsoil site shall be graded smooth and left in a neat condition.  Cut slopes and spoil blanks shall not be allowed to remain.

As directed by the Planning Commission, the topsoil site shall be fertilized, mulched, and reseeded so as to establish a firm cover of grass or other vegetation sufficient to prevent erosion.  Said cover shall be established within time limits specified in each permit.

All surface drainage existing or developing by or through the topsoil site shall be controlled by dikes, barriers, or drainage structures to prevent any silt, erosional debris, or other loose material from filling any existing drainage course or encroaching on State or County roads or private property.  All provisions to control natural drainage or flood water shall meet with the approval of the County Engineer.

AR 0643

(d)   Drainage of Premises

The finished excavation shall, in all cases, be graded in such a manner as to prevent the accumulation of storm waters or natural seepage.

(e)   Maintenance and Operation

1.   The premises of the topsoil site shall be maintained at all times in a neat and orderly manner.

2.   The operation of the topsoil site shall be conducted in such a manner as to obviate excessive dust and noise. The operator shall maintain haulage roads in a dust-free condition providing such surfacing or other treatment deemed necessary by the Planning Commission.

**SECTION 6503. PROCEDURE.** Applications for any use permit permissible under the provisions of this Chapter, except as otherwise provided for quarry and topsoil sites, shall be made in writing to the Planning Commission on forms provided by said Commission. Applications shall be signed and verified by the owner of the land involved or by his authorized agent and shall be accompanied by a plan of the proposed development. If application is made by a person other than the owner, written authorization to act on behalf of the owner shall be submitted with such application. Applications may also be made on behalf of one who is or will be plaintiff in an action in eminent domain to acquire the premises involved.

Upon receipt of any such application, the Planning Commission may hold a public hearing or public hearings thereon, if it deems such hearings necessary. If a hearing or hearings are held, notice shall be given by:

(a)   One (1) publication in a newspaper of general circulation in the County, within ten (10) days next preceding the date of said hearing; and

(b)   Posting notices in the same manner as set forth in Chapter 27 for a proposed amendment; or

(c)   Mailing a postal card notice not less than ten (10) days prior to the date of the hearing to the owners of property, as shown on the last equalized assessment roll, within three hundred (300) feet of the exterior limits of the property or properties which is the subject of the application for the use permit.

At such hearings, the applicant may present testimony and other evidence in support of his application, and other interested persons may be heard and/or present evidence on the matter.

In order to grant the use permit as applied for or conditioned, the findings of the Planning Commission must include that the establishment, maintenance and/or

24.6

**AR 0644**

conducting of the use will not, under the circumstances of the particular case, result in a significant adverse impact to coastal resources, or be detrimental to the public welfare or injurious to property or improvements in said neighborhood.

In order to grant a use permit for development of a non-conforming parcel (as defined in Section 6132.10), the following findings must also be made:

(a)    The proposed development is proportioned to the size of the parcel on which it is being built,

(b)    All opportunities to acquire additional contiguous land in order to achieve conformity with the zoning regulations currently in effect have been investigated and proven to be infeasible,

(c)    The proposed development is as nearly in conformance with the zoning regulations currently in effect as is reasonably possible, and

(d)    Use permit approval does not constitute a granting of special privileges.

Notwithstanding the provisions of this Section 6503, no use permit may be granted to exceed maximum floor area, height, and parcel coverage for parcels located in the Mid-Coast.

In approving the granting of any use permit, the Planning Commission shall designate such conditions in connection therewith, as will, in its opinion, secure substantially the objectives of this Part as to light, air, and the public health, safety, morals, convenience and general welfare.  Such Commission shall require such evidence and guarantees, including bonds, as it may deem to be necessary to obtain compliance with the conditions designated in connection therewith.

In any case where a bond to secure the faithful performance of conditions designated by the Planning Commission has been posted, and the Commission has reasonable grounds for believing that the conditions of said bond have not been complied with, the Commission may hold a hearing to determine whether there has been a non-compliance with the conditions or any part of them.  Notice of the time and place of such hearing shall be served upon the person posting said bond by registered mail or by personal service at least ten (10) days prior to the date set for said hearing.  If at said hearing the Commission finds that the conditions of the bond or any part of them have not been complied with, it may declare all or part of said bond forfeited.  In the event the determination is to declare all or part of said bond forfeited, the person posting said bond may appeal said decision to the Board of Supervisors in the same manner as provided for appeals taken on the application or revocation of use permits.  When such forfeiture has been declared and the determination has become final by failure to file an appeal within the time prescribed or otherwise, the Planning Commission may request that the County Counsel take the steps necessary to make such forfeiture effective.

24.7

**AR 0645**

**SECTION 6504. APPEAL TO BOARD OF SUPERVISORS - USE PERMITS**. The applicant or any interested property owner aggrieved by a determination of the Planning Commission may appeal to the Board of Supervisors within ten (10) days from the date of such determination. Said appeal shall be taken by filing a notice of appeal with the Planning Commission, on a form provided by said Commission. Upon the filing of such notice of appeal, the Planning Commission shall immediately transmit same, together with its minutes and all other records in the matter, to the Board of Supervisors.

The Board of Supervisors may, upon receiving a notice of appeal:

(a)    Review the record and transcript or minutes of the proceedings held before the Planning Commission and either affirm or reverse the action of said Commission, or it may refer the matter back to the Planning Commission for further proceedings; or

(b)    Set the matter for hearing before itself. At such hearing, the Board of Supervisors shall hear (and decide the matter de novo as if no other hearing had been held), and shall have all the powers of the Planning Commission in this connection.

In deciding an appeal, the Board of Supervisors shall not hear or consider any evidence of any kind other than the evidence contained in the record received from the Planning Commission, nor any argument on the merits of the case other than that contained in the notice of appeal, unless it sets the matter for hearing before itself, as provided in this section, and gives the same notice of hearing as is required for hearings before the Planning Commission.

The decision of the Board of Supervisors upon an appeal is final and conclusive in the matter.

**SECTION 6505. REVOCATION OF USE PERMITS**.

(a)    In the event any person, firm, or corporation holding a use permit for any of the uses or purposes for which such permits are required or permitted by the terms of this Part, or any other law or ordinance, shall fail to make any use of said permit for a period of one year after the granting of said permit, or shall violate the terms of the use permit, or shall conduct or carry on said use in such a manner as to materially affect adversely the health, welfare, or safety of persons residing, or working in the neighborhood of the property of the said permittee, or shall conduct or carry on said use so that the said use is materially detrimental to the public welfare or injurious to property or improvements in the neighborhood, the Planning Commission shall revoke or suspend said use permit.

(b)    Procedure for Revoking Use Permit. No use permit shall be revoked or suspended until a hearing is held by the Planning Commission. Written notice of

24.8

AR 0646

such hearing shall be served upon the permittee, either personally or by registered mail, and shall state:

1.  The grounds for complaint or reasons for the revocation or suspension, in clear and concise language.

2.  The time when, and the place where, such hearing is to be held. Such notice shall be served by registered mail or personal service on the permittee at least five (5) days prior to the date set for said hearing. At any such hearing the permittee shall be given an opportunity to be heard and defend himself, and he may call witnesses and present evidence in his behalf. Upon conclusion of such hearing, the Planning Commission shall determine whether or not the permit shall be suspended or revoked. In the event the determination is to suspend or revoke said permit, the permittee may appeal such decision to the Board of Supervisors in the same manner as provided hereinabove for appeals taken on applications for the granting of such permits.


(Section 6500(c) - Amended by Ordinance No. 1402 - June 8, 1960)
(Section 6500(c) - Amended by Ordinance No. 1922 - July 23, 1968)
(Section 6500(c) - Amended by Ordinance No. 2314 - May 27, 1975)
(Section 6500(c) - Amended by Ordinance No. 2370 - June 1976)
(Section 6500(c) - Amended by Ordinance No. 2708 - December 16, 1980)
(Section 6500(c) - Amended by Ordinance No. 3565 - April 5, 1994)
(Section 6500(c)9 - Amended by Ordinance No. 3131 - December 15, 1987)
(Section 6500(c)9 - Amended by Ordinance No. 3157 - September 13, 1988)
(Section 6500(d) - Added by Ordinance No. 2709 - December 16, 1980)
(Section 6501(a) - Amended by Ordinance No. 2370 - July 22, 1976)
(Section 6501 - Repealed by Ordinance No. 2767 - February 9, 1982)
(Section 6500 - Amended by Ordinance No. 2892 - June 5, 1984)
(Section 6500(c)(9) - Amended by Ordinance No. 3131 - December 15, 1990)
(Section 6502(b) - Amended by Ordinance No. 2067 - August 25, 1970)
(Section 6503 - Amended by Ordinance No. 1919 - July 9, 1968)
(Section 6503 - Amended by Ordinance No. 3594 - September 20, 1994)
(Section 6503 - Amended by Ordinance No. 3673 - September 12, 1995)
(Section 6503 - Amended by Ordinance No. 4062 - August 21, 2001)
(Section 6503(b) - Amended by Ordinance No. 3673 - September 12, 1995)
(Section 6505(a) - Amended by Ordinance No. 1404 - June 21, 1960)


JKE:kcd - JKEL2451_WKR.DOC
(9/13/01)

AR 0647