1  JOHN J. FLYNN III (CA 76419)
   jflynn@nossaman.com
2  BENJAMIN Z. RUBIN CA 249630)
   brubin@nossaman.com
3  NOSSAMAN LLP
   18101 Von Karman Avenue, Suite 1800
4  Irvine, California 92612-0177
   Telephone:    (949) 833-7800
5  Facsimile:    (949) 833-7878
6
   Attorneys for Plaintiffs
7  SPRINT SPECTRUM L.P.;
   SPRINT SPECTRUM REALTY COMPANY
8

9                       UNITED STATES DISTRICT COURT
10
                        NORTHERN DISTRICT OF CALIFORNIA
11

| 12 | SPRINT SPECTRUM L.P., a Delaware limited partnership; SPRINT SPECTRUM REALTY COMPANY, L.P., a Delaware limited partnership, | Case No. C 08-00342 CW |
|---|---|---|
| 13 | | [Consolidated With Case No. C 09-05022 CW; Related to Case No. 11:00056 CW] |
| 14 | | |
| 15 | Plaintiffs, | **ORDER** |
| 16 | vs. | |

16
17  COUNTY OF SAN MATEO; BOARD OF
    SUPERVISORS FOR THE COUNTY OF SAN
18  MATEO, its governing body; MARK
    CHURCH, in his official capacity as Board
19  Member of the Board of Supervisors for the
    County of San Mateo; JERRY HILL, in his
20  official capacity as Board Member of the Board
    of Supervisors for the County of San Mateo;
21  RICH GORDON, in his official capacity as
    Board Member of the Board of Supervisors for
22  the of the County of San Mateo; ROSE
    GIBSON, in her official capacity as Board
23  Member of the Board of Supervisors for the
    County of San Mateo; ADRIENNE TISSIER, in
24  her official capacity as Board Member of the
    Board of Supervisors for the County of San
25  Mateo; and DOES 1-10, inclusive.
26            Defendants.
27  AND RELATED CASE.
28

355774_1.doc                                      C 08-0342 CW

1    Upon stipulation of the parties, as set forth in the Stipulation for Dismissal of Remaining

2 Claims, and Entry of Injunction and Final Judgment attached hereto as **Exhibit 1**, and good cause

3 appearing therefor,

4    **IT IS SO ORDERED** that the remaining claims are dismissed with prejudice, and a final

5 injunction and judgment is entered in accordance with the terms of the Stipulation for Dismissal

6 of Remaining Claims, and Entry of Injunction and Final Judgment.

7    **IT IS FURTHER ORDERED**, consistent with the terms of the Stipulation for Dismissal

8 of Remaining Claims, and Entry of Injunction and Final Judgment, that Defendants are hereby

9 enjoined to approve Sprint's application for a use permit under section 6500 of the San Mateo

10 County Zoning Regulations to continue operating its telecommunications facility at 1175

11 Palomar Drive, Redwood City, California.  The use permit, which shall apply retroactively, will

12 have an effective issuance date of September 15, 2009, and an expiration date of September 15,

13 2019, pursuant to the recommendations in the Board of Supervisors' August 2009 staff report.

14 While nothing in this order shall preclude the County from requiring Sprint to comply with

15 applicable safety provisions set forth in the County's Building, Electrical, and Fire Codes, Sprint

16 shall have the right to maintain, modify, remove and replace transmission equipment so long as

17 there is no substantial change in the physical dimensions of the facility.

18    **IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this matter for

19 purposes of construction, modification, and enforcement of this injunction and judgment.

20

21 Dated:   2/28/2014

22                                                                    Hon. Claudia Wilken
                                            UNITED STATES DISTRICT COURT, CHIEF JUDGE

23

24

25

26

27

28

355774_1.doc                                                                                              C 08-0342 CW

# EXHIBIT 1

1   JOHN J. FLYNN III (CA 76419)
    jflynn@nossaman.com
2   BENJAMIN Z. RUBIN CA 249630)
    brubin@nossaman.com
3   NOSSAMAN LLP
    18101 Von Karman Avenue, Suite 1800
4   Irvine, California 92612-0177
    Telephone:    (949) 833-7800
5   Facsimile:    (949) 833-7878

6
    Attorneys for Plaintiffs
7   SPRINT SPECTRUM L.P.;
    SPRINT SPECTRUM REALTY COMPANY
8

9                   UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12  SPRINT SPECTRUM L.P., a Delaware limited      Case No. C 08-00342 CW
    partnership; SPRINT SPECTRUM REALTY
13  COMPANY, L.P., a Delaware limited             [Consolidated With Case No. C 09-05022 CW;
    partnership,                                  Related to Case No. 11:00056 CW]
14
                    Plaintiffs,                   **STIPULATION FOR DISMISSAL OF**
15                                                **REMAINING CLAIMS, AND ENTRY OF**
               vs.                                **INJUNCTION AND FINAL JUDGMENT**
16
    COUNTY OF SAN MATEO; BOARD OF
17  SUPERVISORS FOR THE COUNTY OF SAN
    MATEO, its governing body; MARK
18  CHURCH, in his official capacity as Board
    Member of the Board of Supervisors for the
19  County of San Mateo; JERRY HILL, in his
    official capacity as Board Member of the Board
20  of Supervisors for the County of San Mateo;
    RICH GORDON, in his official capacity as
21  Board Member of the Board of Supervisors for
    the of the County of San Mateo; ROSE
22  GIBSON, in her official capacity as Board
    Member of the Board of Supervisors for the
23  County of San Mateo; ADRIENNE TISSIER, in
    her official capacity as Board Member of the
24  Board of Supervisors for the County of San
    Mateo; and DOES 1-10, inclusive.
25
                    Defendants.
26

27  AND RELATED CASE.

28

    355770_1.doc                                                        C 08-0342 CW
                                    STIPULATION

1    Plaintiffs SPRINT SPECTRUM L.P. and SPRINT SPECTRUM REALTY COMPANY,

2 L.P., and defendants COUNTY OF SAN MATEO, BOARD OF SUPERVISORS FOR THE

3 COUNTY OF SAN MATEO, its governing body, DAVE PINE, in his official capacity as Board

4 Member of the Board of Supervisors for the County of San Mateo, CAROLE GROOM, in her

5 official capacity as Board Member of the Board of Supervisors for the County of San Mateo,

6 DON HORSLEY, in his official capacity as Board Member of the Board of Supervisors for the

7 County of San Mateo, WARREN SLOCUM, in his official capacity as Board Member of the

8 Board of Supervisors for the County of San Mateo, ADRIENNE J. TISSIER, in her official

9 capacity as Board Member of the Board of Supervisors for the County of San Mateo, by and

10 through their attorneys, stipulate to dismissal of the remaining claims with prejudice, and entry of

11 a final injunction and judgment in accordance with the terms of the Settlement Agreement and

12 Release attached hereto as **Exhibit 1**.

13    This stipulation may be executed in counterparts.  All counterparts executed shall

14 constitute one document notwithstanding that all of the parties are not a signatory to the original

15 or the same counterpart.

16

17 Dated:  February 27, 2014                    JOHN C. BEIERS, COUNTY COUNSEL

18

19                                              By:  _____/s/ Timothy J. Fox_____
                                                       Timothy J. Fox, Deputy County Counsel
20                                              Attorneys for Defendants

21

22 Dated:  February 27, 2014                    NOSSAMAN LLP

23

24                                              By:  _____/s/ John J. Flynn III_____
                                                        John J. Flynn III
25                                              Attorneys for Plaintiffs

26

27

28

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

THIS FINAL SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is entered into as of the date of the last signature affixed to this Agreement, by and between plaintiff SPRINT SPECTRUM L.P. and SPRINT SPECTRUM REALTY COMPANY, L.P. (collectively "Sprint"), on the one hand, and defendants COUNTY OF SAN MATEO, BOARD OF SUPERVISORS FOR THE COUNTY OF SAN MATEO, its governing body, DAVE PINE, in his official capacity as Board Member of the Board of Supervisors for the County of San Mateo, CAROLE GROOM, in her official capacity as Board Member of the Board of Supervisors for the County of San Mateo, DON HORSLEY, in his official capacity as Board Member of the Board of Supervisors for the County of San Mateo, WARREN SLOCUM, in his official capacity as Board Member of the Board of Supervisors for the County of San Mateo, ADRIENNE J. TISSIER, in her official capacity as Board Member of the Board of Supervisors for the County of San Mateo (collectively the "County"), on the other hand (Sprint and the County are also individually referred to as "Party," and collectively as the "Parties"), and is made with reference to the following:

1.     **RECITALS.**

A.     In 2000, the County issued Sprint a use permit (permit PLN2000-00497), authorizing the construction and operation of two 13-foot wireless telecommunications monopoles and one equipment cabinet (the "Facility") at 1175 Palomar Drive, Redwood City, California (the "Property").

B.     In response to a decision of the County Board of Supervisors to deny Sprint's application to renew its use permit (the "2007 Denial"), on or about January 17, 2008 Sprint filed a Complaint against the County entitled *Sprint Spectrum L.P., et al. v. County of San Mateo, et al.*, United States District Court, Northern District of California, case no. 08-cv-00342 CW (the "First Action"), alleging several violations of the federal Telecommunications Act of 1996, violation of the Supremacy Clause of the U.S. Constitution, violation of State law, and a claim for declaratory relief.

C.     On or about October 21, 2009, Sprint filed a second Complaint against the County entitled *Sprint Spectrum L.P., et al. v. County of San Mateo, et al.*, United States District Court, Northern District of California, case no. 09-cv-05022 CW (the "Second Action"), alleging that a subsequent action by the Board of Supervisors (the "2009 Denial") involved several violations of the federal Telecommunications Act of 1996, violation of the Supremacy Clause of the U.S. Constitution, violation of State law, and a claim for declaratory relief.

D.     On or about October 28, 2009, the United States District Court, Northern District of California, ordered the Second Action consolidated with the First Action (collectively, the "Consolidated Actions"), and ordered Sprint to file a consolidated amended complaint bearing case no. 08-cv-00342._ On or about November 3, 2009, Sprint filed a consolidated amended complaint (the "Consolidated Complaint").

E.     On or about January 6, 2011, Sprint filed a third Complaint against the County entitled *Sprint Spectrum L.P., et al. v. County of San Mateo, et al.*, United States District Court, Northern District of California, case no. 11-cv-00056 CW (the "Third Action"), alleging that a second subsequent action by the Board of Supervisors (the "2010 Denial") involved several violations of the federal Telecommunications Act of 1996, violation of the Supremacy Clause of the U.S. Constitution, violation of State law, and a claim for declaratory relief.

F.     On or about January 27, 2011, the United States District Court, Northern District of California, ordered the Consolidated Complaint related with the Third Action.

G.     On or about May 24, 2013, Sprint filed a motion for partial summary judgment in the First Action, and a separate motion for partial summary judgment in the Second and Third Actions.

H.     On or about December 4, 2013, the Court held that while the 2007 Denial satisfied both the "effective prohibition" and "in writing" provisions of the federal Telecommunications Act of 1996, the 2009 and 2010 Denials did not (the "December Order"). In light of these violations, the Court also found in the December Order that injunctive relief was appropriate.

I.     While the Court's December Order resolved some of the claims in the consolidated and related actions, it did not resolve all of the claims. Specifically, the outstanding claims in the Consolidated Actions and Third Action include: the 2007 Denial results in unlawful discrimination among functionally equivalent service providers under the federal Telecommunications Act of 1996; the 2007 Denial is unlawful because it is based on section 6500 of the San Mateo County Zoning Regulations ("Zoning Regulations"), which has the unlawful effect of prohibiting the provision of telecommunications services in violation of section 253(a) of the federal Telecommunications Act of 1996; the 2007 Denial violates the supremacy clause; the 2007 Denial violates State law; a declaration that the 2007 Denial violates state and/or federal law; the 2009 Denial results in unlawful discrimination among functionally equivalent service providers under the federal Telecommunications Act of 1996; the 2009 Denial is unlawful because it is based on section 6500 of the Zoning Regulations, which has the unlawful effect of prohibiting the provision of telecommunications services in violation of section 253(a) of the federal Telecommunications Act of 1996; the 2009 Denial violates the supremacy clause; the 2009 Denial violates State law; a declaration that the 2009 Denial violates state and/or federal law; the 2010 Denial results in unlawful discrimination among functionally equivalent service providers under the federal Telecommunications Act of 1996; the 2010 Denial violates the supremacy clause; the 2010 Denial violates State law; and a declaration that the 2010 Denial violates state and/or federal law (collectively, the "Remaining Claims").

J.     On the same day that the Court issued the December Order, the Court also issued a proposed injunction. Sprint subsequently proposed some minor modifications to the language in the proposed injunction, which the Court has stated it will incorporate into the final injunction issued by the Court.

K.    The Parties now desire fully and finally to settle, compromise, and release and dispose of the Remaining Claims, and all such matters and controversies which were not decided in the December Order and/or any injunctive relief granted relating to the December Order, regardless of whether the matters and controversies were raised or could have been raised in the Consolidated Actions and/or Third Action, and reach a final and complete judgment in the Consolidated Actions and Third Action.

NOW, THEREFORE, in consideration of the covenants and promises herein, the Parties expressly agree as follows:

## 2.    SETTLEMENT TERMS.

a.    Sprint will not seek to recover or be reimbursed from the County for any attorney's fees, expert witness fees, and/or costs incurred, arising out of, and/or related to the First Action, Second Action, Consolidated Actions, and/or Third Action.

b.    The County will not seek to recover or be reimbursed from Sprint for any attorney's fees, expert witness fees, and/or costs incurred, arising out of, and or related to the First Action, Second Action, Consolidated Actions, and/or Third Action.

c.    Except as otherwise expressly provided for herein, the Parties shall bear their own respective costs, including, without limitation, attorneys' fees, expert witness fees, and judicial costs, with respect to the First Action, Second Action, Consolidated Actions, Third Action, and this Agreement.

d.    The County, and each of them, waive the right to appeal to any tribunal, including, without limitation, the U.S. Court of Appeal for the Ninth Circuit, any and all orders decisions, or judgments in the First Action, Second Action, Consolidated Actions, and/or Third Action, including without limitation, the December Order, and any injunctive relief granted by the Court relating to the December Order.

e.    The Parties shall, and hereby do, stipulate to dismissal of the Remaining Claims with prejudice and entry of an injunction in the form proposed by the Court on December 4, 2013, with the modification that page 2, lines 1 through 3 are eliminated, and in its place the following is inserted: "While nothing in this order shall preclude the County from requiring Sprint to comply with applicable safety provisions set forth in the Count's Building, Electrical, and Fire Codes, Sprint shall have the right to maintain, modify, remove, and replace transmission equipment so long as there is no substantial change in the physical dimensions of the facility."

f.    The Parties shall execute all documents necessary to facilitate the entry of the above-described injunction and dismissal of the Remaining Claims with prejudice.

g.    In exchange for the foregoing promises, the Parties are entering into the mutual release as set forth in paragraph 3 below.

## 3.    MUTUAL RELEASE.

a.    Subject to paragraphs 4 and 10 below, and with the exception of the claims decided in the December Order and any injunctive relief granted relating thereto, Sprint hereby relieves, releases and forever discharges the County, and all of its predecessors, successors, assigns, employees, officials, officers, former employees, representatives, insurers, and attorneys, and each of them, from any and all claims, actions, suits, losses, rights, damages, costs, fees, expenses, accounts, demands, obligations, liabilities, and causes of action of every character, nature, kind, or description whatsoever, known or unknown, foreseen or unforeseen, and suspected or unsuspected, arising out of, or relating to, any act or omission, whatsoever arising from, occurring during or related in any matter to the Facility, the Remaining Claims, the First Action, the Second Action, the Consolidated Actions, and/or the Third Action.

b.    Subject to paragraph 4 and 10, below, and with the exception of the claims decided in the December Order and any injunctive relief granted relating thereto, the County, and each of them, hereby relieves, releases and forever discharges Sprint, and each of them, and all of its predecessors, successors, assigns, employees, former employees, officers, directors, parents, subsidiaries, affiliates, shareholders, partners, representatives, insurers, and attorneys, and each of them, from any and all claims, actions, suits, losses, rights, damages, costs, fees, expenses, accounts, demands, obligations, liabilities, and causes of action of every character, nature, kind, or description whatsoever, known or unknown, foreseen or unforeseen, and suspected or unsuspected, arising out of, or relating to, any act or omission, whatsoever arising from, occurring during or related in any matter to the Facility, the Remaining Claims, the First Action, the Second Action, the Consolidated Actions, and/or the Third Action.

c.    It is understood by the parties that there is a risk that any of them may incur or suffer loss, damage or injuries which arise from the release contained in subparagraphs 3.a. through 3.b. of this Agreement, but which are unknown or unanticipated at the time of the execution of this Agreement.  Further, there is a risk that loss or damage presently known may be or become greater than either party, and each of them, now expects or anticipates.  Each of the Parties assume such risk that the releases contained herein shall apply to all such unknown and/or unanticipated losses, damages or injuries result(s) arising from the releases contained in subparagraph 3.a. through 3.b. of this Agreement, and, EACH PARTY WAIVES AGAINST THE OTHER ALL RIGHTS UNDER CALIFORNIA CIVIL CODE SECTION 1542 (OR ANY APPLICABLE SIMILAR PROVISION OF FEDERAL, STATE, OR FOREIGN LAW), WHICH PROVIDES AS FOLLOWS:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

-4-
SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
*Sprint Spectrum L.P., et al. v. County of San Mateo, et al.*, U.S.D.C., N.D. Cal., case nos. 08-cv-00342 CW, 09-cv-05022 CW, and 11-cv-00056 CW

355235_4.doc

d.      The Parties agree and acknowledge that this waiver is an essential term of this Agreement.

e.      It is agreed and understood this paragraph 3 does not constitute a release of, or otherwise affect, any rights and obligations specifically created or reserved by this Agreement with respect to the Remaining Claims, nor does it constitute a release of, or otherwise affect, any rights, duties, and obligations as set forth in the December Order or in any injunction order relating to the December Order, nor does it release any future acts or omissions by Sprint with respect to the Facility.

f.      The releases set forth herein are the result of a compromise and shall not for any purpose be considered an admission of the truth of the allegations, claims, or contentions of the Parties or an admission of any wrongdoing by any of the Parties with respect to the Remaining Claims.

## 4.      COVENANT NOT TO SUE.

a.      The Parties will forever refrain and forbear from commencing, instituting, or prosecuting any lawsuit, action, motion, or other proceeding, in law, equity, or otherwise, against the other party hereto, or any of the other persons or entities released under the provisions of paragraph 3, based on the matters released in paragraph 3 above, unless the Agreement is set aside by an order of judgment of court, and the County's denial of Sprint's application for renewal again becomes operative, as a result of such order or judgment, or by any other means. A lawsuit to enforce the terms of this Agreement shall be excepted from the terms of this Section, and shall not constitute a breach of this covenant not to sue.

b.      In the event a party breaches the covenant not to sue set forth above, or files any claim, charge or action with any court or administrative body regarding this Agreement or the matters releases under the provisions of paragraph 3, with the exception noted above, the breaching Party shall be liable for all damages, including without limitation, compensatory damages, reasonable attorneys' fees and costs.

## 5.      NOTICE.

All notices or communications required or permitted by this Agreement shall be in writing and shall be served on the Parties at the following address or addresses:

| | |
|---|---|
| If to Sprint: | Sprint/Nextel Property Services<br>6391 Sprint Parkway<br>KSOPHT0101-Z2650<br>Overland Park, Kansas 66251-2650 |
| With a copy to: | Sprint Spectrum Realty Company, L.P.<br>Sprint/Nextel Law Department<br>6391 Sprint Parkway<br>KSOPHT0101-Z2020<br>Overland Park, Kansas 66251-2020<br>Attention:  Real Estate Attorney |
| With a copy to: | Nossaman LLP<br>18101 Von Karman Avenue, #1800<br>Irvine, CA  92612<br>Attention:  John J. Flynn III, Esq.<br>Fax:  (949) 833-7878 |
| If to County: | San Mateo County Board of Supervisors<br>Hall of Justice & Records<br>400 County Center<br>Redwood City, CA 94063<br>Attention: Director of Planning & Building<br>Fax:  (650) 599-1027 |
| With a copy to: | San Mateo County Counsel<br>Hall of Justice & Records<br>400 County Center, Sixth Floor<br>Redwood City, CA 94063-1662<br>Attention:  John C. Beiers<br>Fax:  (650) 363-4034 |

Any such notices shall be either (i) sent by overnight delivery using a nationally recognized overnight courier, in which case notice shall be deemed delivered upon receipt or rejection of delivery, (ii) sent by United States Mail, certified, with return receipt requested, in which case notice shall be deemed delivered upon receipt or rejection of delivery, or (iii) sent by facsimile, in which case, within one (1) business day thereof, duplicate notice shall be sent in the manner provided in provision (i) or provision (ii) of this section, and such notice shall be deemed delivered upon automatic confirmation of receipt of the facsimile during regular business hours (i.e., between 9:00 a.m. and 5:00 p.m.) on a regular business day (i.e., Monday through Friday, inclusive, but excluding holidays) or at 9:00 a.m. on the next regular business day after automatic confirmation of receipt of the facsimile (a) after regular business hours on a regular business day or (b) on a day other than a regular business day.  Any Party's address may be changed by written notice to the other Parties, provided, however, that no notice of a change of address shall be effective until actual receipt (or refusal of acceptance of delivery) of such notice.  Copies of notices, if any, are for informational purposes only, and a failure to give or receive copies of any notice shall not be deemed a failure to give notice.  Notices given by counsel to any Party shall be deemed given by such Party.

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
*Sprint Spectrum L.P., et al. v. County of San Mateo, et al.*, U.S.D.C., N.D. Cal., case nos. 08-cv-00342 CW, 09-cv-05022 CW, and 11-cv-00056 CW

## 6.    REPRESENTATION BY COUNSEL AND INFORMED CONSENT.

The Parties expressly acknowledge and represent that they have been represented by counsel or have been afforded the opportunity to consult with an attorney in the negotiations culminating in this Agreement and that each of them has read this Agreement, reviewed the same, and fully understand the meaning and effect of each and every provision of this Agreement.

Each Party to this Agreement has made an investigation of the facts pertaining to this Agreement and all of the matters pertaining thereto as deemed necessary.

## 7.    NO RELIANCE ON REPRESENTATIONS NOT CONTAINED HEREIN.

The Parties represent and acknowledge that in executing this Agreement, they have not relied upon any representation or statement not set forth herein.  The Parties also represent and agree that they have entered into this Agreement voluntarily and without coercion or duress and have been offered a reasonable time to consider the Agreement.

## 8.    ENTIRE AGREEMENT.

This Agreement constitutes the entire agreement between the Parties and supersedes any and all other agreements or understandings, either oral or written, between the Parties with respect to the subject matter hereof.  Each Party to this Agreement acknowledges that no representations, inducements, promises, or other agreements have been made by or on behalf of any Party except those covenants, agreements and promises embodied in this Agreement.

This Agreement is binding upon and shall inure to the benefit of the Parties, their respective agents, board members, elected and appointed officials, employees, representatives, attorneys, insurers, divisions, affiliates, assigns, heirs, predecessors and successors in interest.

## 9.    SIGNATORIES HAVE AUTHORITY.

Each person signing this Agreement represents and warrants that he/she has been duly authorized to sign for the Party for whom he/she is signing, and that he/she has been authorized to bind that Party by signing this Agreement.  Each party represents and warrants that it has the full power, capacity and authority to enter into this Agreement, that no portion of any charge, claim, right, demand, action or cause of action that any Party has or might have arising out of the transactions, omissions, acts referred to herein has been assigned, transferred or conveyed to any third party, by way of subrogation, operation of law or otherwise, and that no other agreement, release, or settlement is necessary from any other person or entity to release and discharge completely the other Party from the claims specified above which may be held by such party.

## 10.    SEVERABILITY.

If any term of this Agreement, other than Section 2 or 3 of this Agreement, is declared invalid by a court for any reason, such determination shall not affect the validity of the remainder of the Agreement.  Rather, if any provision, other than Section 2 or 3 of this Agreement is so invalidated, the remaining parts of this Agreement shall remain in effect as if the Agreement had

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
*Sprint Spectrum L.P., et al. v. County of San Mateo, et al.*, U.S.D.C., N.D. Cal., case nos. 08-cv-00342 CW, 09-cv-05022 CW, and 11-cv-00056 CW

355235_4.doc

been executed without the invalid term.  However, if Section 2 or 3 of this Agreement is invalidated, or the County's decision denying Sprint's renewal application again becomes operative, the entire Agreement shall be deemed null and void, and all statutes of limitations applicable to the Board of Supervisor's denial decisions shall be deemed tolled.

**11.     APPLICABLE LAW.**

This Agreement shall be deemed to have been executed and delivered within the State of California, and the contractual rights and obligations of the Parties hereto shall be construed and enforced in accordance with, and governed by, the laws of the State of California and applicable laws of the United States.

**12.     AGREEMENT JOINTLY NEGOTIATED.**

The Parties acknowledge that this Agreement was jointly negotiated and reviewed and approved by them and their respective attorneys of record.  The Agreement shall not be construed by any court of law or equity against any Party solely by virtue of any Party or Party's attorneys having drafted this Agreement.

**13.     COUNTERPARTS.**

This Agreement may be executed in counterparts.  All counterparts when executed shall constitute one agreement binding upon all Parties notwithstanding that all of the Parties are not a signatory to the original or the same counterpart.

**14.     REVIEW OF THE AGREEMENT.**

Prior to executing this Agreement, the Parties acknowledge that they have fully reviewed this Agreement with their attorneys.  The Parties agree that prior to signing this Agreement, based on their review of the Agreement and discussion with their attorneys, they understand each and every term of this Agreement and accept such terms to be consistent with their desire to settle all claims against each other that were raised or could have been raised in the First Action, the Second Action, or the Consolidated Complaint.

IN WITNESS WHEREOF, the undersigned Parties, and each of them, have executed this Agreement which is in effect as of the date and year of the date of the last signature affixed to this Agreement.

PLAINTIFF SPRINT SPECTRUM L.P.

DATED: Feb 27, 2014      By: _____
                              ( Violda M Dievonis )

-8-

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
*Sprint Spectrum L.P., et al. v. County of San Mateo, et al.*, U.S.D.C., N.D. Cal., case nos. 08-cv-00342 CW, 09-cv-05022 CW, and 11-cv-00056 CW

file

PLAINTIFF SPRINT SPECTRUM REALTY
COMPANY, L.P.

DATED: Feb 27, 2014       By: _____
                             (Violam. Dirvonis)

**APPROVED AS TO FORM**

NOSSAMAN LLP

DATED: _____   By:_____
                             John J. Flynn III, Esq.
                             Attorneys for Sprint Spectrum L.P. and Sprint
                             Spectrum Realty Company, L.P.


DEFENDANTS COUNTY OF SAN MATEO,
BOARD OF SUPERVISORS FOR THE
COUNTY OF SAN MATEO, ITS
GOVERNING BODY, DAVE PINE, IN HIS
OFFICIAL CAPACITY AS BOARD MEMBER
OF THE BOARD OF SUPERVISORS FOR
THE COUNTY OF SAN MATEO, CAROLE
GROOM, IN HER OFFICIAL CAPACITY AS
BOARD MEMBER OF THE BOARD OF
SUPERVISORS FOR THE COUNTY OF SAN
MATEO, DON HORSLEY, IN HIS OFFICIAL
CAPACITY AS BOARD MEMBER OF THE
BOARD OF SUPERVISORS FOR THE
COUNTY OF SAN MATEO, WARREN
SLOCUM, IN HIS OFFICIAL CAPACITY AS
BOARD MEMBER OF THE BOARD OF
SUPERVISORS FOR THE COUNTY OF SAN
MATEO, ADRIENNE J. TISSIER, IN HER
OFFICIAL CAPACITY AS BOARD MEMBER
OF THE BOARD OF SUPERVISORS FOR
THE COUNTY OF SAN MATEO

DATED: _____   By:_____
                             John C. Beiers, County Counsel


-9-
SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
*Sprint Spectrum L.P., et al. v. County of San Mateo, et al.*, U.S.D.C., N.D. Cal., case nos. 08-cv-00342 CW, 09-cv-
05022 CW, and 11-cv-00056 CW
file

PLAINTIFF SPRINT SPECTRUM REALTY
COMPANY, L.P.


DATED: _____       By:_____

                               (_____)


**APPROVED AS TO FORM**

                            NOSSAMAN LLP

DATED: _Feb. 27, 2014_       By:_____

                            John J. Flynn III, Esq.
                            Attorneys for Sprint Spectrum L.P. and Sprint
                            Spectrum Realty Company, L.P.


                            DEFENDANTS COUNTY OF SAN MATEO,
                            BOARD OF SUPERVISORS FOR THE
                            COUNTY OF SAN MATEO, ITS
                            GOVERNING BODY, DAVE PINE, IN HIS
                            OFFICIAL CAPACITY AS BOARD MEMBER
                            OF THE BOARD OF SUPERVISORS FOR
                            THE COUNTY OF SAN MATEO, CAROLE
                            GROOM, IN HER OFFICIAL CAPACITY AS
                            BOARD MEMBER OF THE BOARD OF
                            SUPERVISORS FOR THE COUNTY OF SAN
                            MATEO, DON HORSLEY, IN HIS OFFICIAL
                            CAPACITY AS BOARD MEMBER OF THE
                            BOARD OF SUPERVISORS FOR THE
                            COUNTY OF SAN MATEO, WARREN
                            SLOCUM, IN HIS OFFICIAL CAPACITY AS
                            BOARD MEMBER OF THE BOARD OF
                            SUPERVISORS FOR THE COUNTY OF SAN
                            MATEO, ADRIENNE J. TISSIER, IN HER
                            OFFICIAL CAPACITY AS BOARD MEMBER
                            OF THE BOARD OF SUPERVISORS FOR
                            THE COUNTY OF SAN MATEO


DATED: _____       By:_____

                            John C. Beiers, County Counsel

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
*Sprint Spectrum L.P., et al. v. County of San Mateo, et al.*, U.S.D.C., N.D. Cal., case nos. 08-cv-00342 CW, 09-cv-05022 CW, and 11-cv-00056 CW

355235_4.doc

PLAINTIFF SPRINT SPECTRUM REALTY
COMPANY, L.P.

DATED: _____        By: _____

                                          ( _____ )

**APPROVED AS TO FORM**

                                       NOSSAMAN LLP

DATED: _____        By: _____
                                          John J. Flynn III, Esq.
                                          Attorneys for Sprint Spectrum L.P. and Sprint
                                          Spectrum Realty Company, L.P.

                                       DEFENDANTS COUNTY OF SAN MATEO,
                                       BOARD OF SUPERVISORS FOR THE
                                       COUNTY OF SAN MATEO, ITS
                                       GOVERNING BODY, DAVE PINE, IN HIS
                                       OFFICIAL CAPACITY AS BOARD MEMBER
                                       OF THE BOARD OF SUPERVISORS FOR
                                       THE COUNTY OF SAN MATEO, CAROLE
                                       GROOM, IN HER OFFICIAL CAPACITY AS
                                       BOARD MEMBER OF THE BOARD OF
                                       SUPERVISORS FOR THE COUNTY OF SAN
                                       MATEO, DON HORSLEY, IN HIS OFFICIAL
                                       CAPACITY AS BOARD MEMBER OF THE
                                       BOARD OF SUPERVISORS FOR THE
                                       COUNTY OF SAN MATEO, WARREN
                                       SLOCUM, IN HIS OFFICIAL CAPACITY AS
                                       BOARD MEMBER OF THE BOARD OF
                                       SUPERVISORS FOR THE COUNTY OF SAN
                                       MATEO, ADRIENNE J. TISSIER, IN HER
                                       OFFICIAL CAPACITY AS BOARD MEMBER
                                       OF THE BOARD OF SUPERVISORS FOR
                                       THE COUNTY OF SAN MATEO

DATED: 2-27-17        By: _____
                          John C. Beiers, County Counsel

-9-

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
*Sprint Spectrum L.P., et al. v. County of San Mateo, et al.,* U.S.D.C., N.D. Cal., case nos. 08-cv-00342 CW, 09-cv-
05022 CW, and 11-cv-00056 CW

355235_4.doc

**APPROVED AS TO FORM**

SAN MATEO COUNTY COUNSEL

DATED: __**2/27/2014**__    By:_____

Timothy J. Fox, Deputy County Counsel
Attorneys for Defendants County of San Mateo,
Board of Supervisors for the County of San
Mateo, its governing body, Dave Pine, in his
official capacity as Board Member of the Board
of Supervisors for the County of San Mateo,
Carole Groom, in her official capacity as Board
Member of the Board of Supervisors for the
County of San Mateo, Don Horsley, in his
official capacity as Board Member of the Board
of Supervisors for the County of San Mateo,
Warren Slocum, in his official capacity as Board
Member of the Board of Supervisors for the
County of San Mateo, Adrienne J. Tissier, in her
official capacity as Board Member of the Board
of Supervisors for the County of San Mateo

-10-
SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
*Sprint Spectrum L.P., et al. v. County of San Mateo, et al.*, U.S.D.C., N.D. Cal., case nos. 08-cv-00342 CW, 09-cv-
05022 CW, and 11-cv-00056 CW
355235_4.doc